281 So.2d 829 (1973)
Walter PRATER
v.
SCHUYLKILL PRODUCTS CO., INC.
No. 9437.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Rehearing Denied August 23, 1973.
Writ Refused September 26, 1973.
Patsy McDowell Cooper, Baton Rouge, for appellant.
William A. Norfolk, Baton Rouge, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge ad hoc.
This is an appeal from a judgment dismissing plaintiff's suit for workmen's compensation benefits as abandoned for lack of prosecution.
Plaintiff, Walter Prater, filed suit against defendant, Schuylkill Products Co., Inc., on August 24, 1964 for workmen's compensation benefits and various other relief. An answer and written interrogatories *830 were filed by defendant on September 16, 1964. Plaintiff's answers to the interrogatories were filed on November 10, 1964, and the suit has lain dormant essentially since that date. The only entries in the record subsequent to November 10, 1964 are a motion and order of October 30, 1969 to substitute counsel and a motion and order of October 19, 1972 to substitute the present counsel.
The controlling law is found in LSA-C.C.P. art. 561 which reads as follows:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.
It is well-settled law that enrolling additional or substituting counsel is not a step in the prosecution of an action which will interrupt the five year period. Department of Highways v. Jackson, 211 So. 2d 93 (La.App. 1 Cir. 1968); McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1 Cir. 1970).
The only contention advanced by plaintiff is that his failure to prosecute the case was caused by circumstances beyond his control, namely, that he is an uneducated person and that he relied on his attorney to advance the case. Plaintiff further argues that his attorney, or at least one of them, was in bad health and, although the plaintiff contacted him on many occasions, the attorney did not press the case. This contention has been disposed of by Pounds v. Yancy, 224 So.2d 1 (La.App. 1 Cir. 1969), writ refused 254 La. 810, 227 So.2d 145 (1969), which held that the failure of an attorney to act is not a circumstance beyond the control of a party such as to preclude dismissal for failure to prosecute the action.
We find no error in the dismissal of plaintiff's case. Costs of the appeal are taxed against plaintiff.
Affirmed.