435 So.2d 1073 (1983)
Elizabeth Foy BROWN
v.
Edwin EDWARDS, As Governor, etc.
Laurence SMITH, et ux.
v.
Edwin EDWARDS, As Governor, etc.
Nos. 82 CA 0882, 82 CA 0883.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied August 23, 1983.
*1074 Murphy W. Bell, R. Judge Eames, Robert C. Williams, Baton Rouge, for plaintiffs-appellants Elizabeth Foy Brown in No. 82 CA 0882 and Laurence Smith and Irma Smith in No. 82 CA 0883.
William H. Cooper, Jr., Brent E. Kinchen, J. Marvin Montgomery, Daniel Dziuba, Baton Rouge, for defendants-appellees Edwin Edwards, etc., et al.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from the judgment of the trial court denying the plaintiffs' motion to set aside the dismissal of plaintiffs' suits against defendants, Edwin Edwards, and others, for lack of prosecution over a period of five years under La.C.C.P. Art. 561.
This case arose on November 16, 1972, when the sons of the petitioners were killed during a civil disturbance on the campus of Southern University. The petitioners each filed suit seeking damages for the death of their respective sons. Named as defendants were Edwin Edwards, former governor of Louisiana, and various other public officials and peace officers of the state.
A motion for summary judgment was granted in favor of defendant, Fireman's Fund Insurance Company, on February 14, 1975, by the trial judge. The plaintiffs subsequently appealed that judgment, which appeal was dismissed by this Court on February 27, 1976, due to plaintiffs' failure to prosecute their appeal. Also pertinent to the present appeal is the fact that plaintiffs' counsel filed an ex parte motion and order to withdraw as counsel of record on November 17, 1977, stating that he had moved to California and no longer was a practicing attorney in Louisiana. That order was signed the following day.
On February 24, 1982, the defendants herein, filed a motion to dismiss these suits on the grounds of abandonment pursuant to La.C.C.P. Art. 561. This motion was granted and signed ex parte. Thereafter, an order was signed enrolling as attorneys of record plaintiffs' present attorneys. The plaintiffs then filed a motion to set aside the order of dismissal and an evidentiary hearing was held. The judge subsequently denied their motion, assigning oral reasons for judgment on July 30, 1982.
On appeal, the appellants first argue that the trial court erred in granting defendants' ex parte motion to dismiss. They claim that the clerk's certificate reflects that November 17, 1977, was the last date in which action had been taken in their cases. The motion to dismiss was signed on March 2, 1982, less than five years after November 17, 1977 and the appellants allege that, therefore, the motion to dismiss was made prematurely.
La.C.C.P. Art. 561 provides for the dismissal of a suit when no action has been taken in the suit over a period of five *1075 years.[1] In Prater v. Schuylkill Products Co., Inc., 281 So.2d 829 (La.App. 1st Cir. 1973) writ. refused 282 So.2d 719 (La.1973), this court stated:
"It is well-settled law that enrolling or substituting counsel is not a step in the prosecution of an action which will interrupt the five year period." (citations omitted)
If enrolling or substituting counsel is not a step in the prosecution that interrupts the five year period, then certainly withdrawing as counsel of record is not.
Therefore, for purposes of Art. 561, November 15, 1976, was the date that the last action was taken in these suits. Consequently, dismissal of the suits on March 2, 1982, was proper since there had been a period of inaction of at least five years. The clerk's certificate in giving the date of the last action in the suit as November 17, 1977, does not affect a dismissal under La. C.C.P. Art. 561.
Appellants complain in their next assignment of error that the trial court's granting of plaintiffs' original counsel's motion to withdraw as counsel of record, deprived the plaintiffs of notice and an opportunity to be heard. In support of their argument, the appellants cite Rule X of the Rules of Court for the 19th Judicial District Court which provides in pertinent part:
RULE X. WITHDRAWAL OF REPRESENTATION BY COUNSEL
"Section 1. With the consent of all parties or their counsel, or prior to any adverse party filing a pleading or making an appearance, an attorney may, by ex parte order of the judge of the Division in which the case is pending, be permitted to withdraw his representation of a litigant. Otherwise, an attorney may withdraw his representation of a party litigant only upon contradictory motion and hearing and for good cause shown. All opposing counsel are to be served with a copy of the motion and order to show cause why mover should not be permitted to withdraw. The Court shall not grant the motion if to do so would necessitate the reassignment of the cause for trial.

Section 2. An attorney who has been permitted by ex parte order to withdraw prior to an adverse pleading or appearance, shall give notice of same to all counsel who may thereafter plead in the case. In all cases of withdrawal, he shall advise the party he was previously representing, by certified mail, that he is no longer of counsel to him and shall further advise him of the status of the case on the Court's docket."
The appellants claim that because they were not notified of the withdrawal of their former counsel, their subsequent failure to prosecute was beyond their control and, therefore, the period provided for in Art. 561 should not run against them. We disagree.
In Pounds v. Yancy, 224 So.2d 1 (La.App. 1st Cir.1969), writ. refused 254 La. 810, 227 So.2d 145 (1969), a case cited by the plaintiff, the court did state that fault must be attributable to plaintiff to warrant dismissal for failure to prosecute for five years. However, under circumstances very similar to those in this case, the court found that:
"It is always within the power of a litigant to discharge an attorney who neglects or refuses to act and replace him with another counselor. `Circumstances beyond the control of the litigant', as pertains to the issue at hand, contemplates events making it impossible for the litigant to act in his own behalf such as service in the armed forces making it *1076 impossible for the litigant to be present. Zatarain v. Portera, La.App., 63 So.2d 477. A similar circumstance, in our view, would be confinement to a mental institution."
The court held that the fact that plaintiffs' attorney refused or neglected to act for five years, did not constitute circumstances beyond the control of the parties.
In this case, it is evident from the record that, despite the fact that the plaintiffs did not receive notice on the actual date that their attorney withdrew as counsel of record, they did receive notice in federal court in July of 1980 that their attorney had withdrawn and were advised to get another lawyer. Miss Brown also indicated in her testimony that she had received notice from her attorney as early as 1977 that he was moving to California and would no longer be handling her case. Considering this testimony along with the fact that neither of the plaintiffs attempted to retain a new attorney after being advised in federal court to do so, we find that the cause of their failure to prosecute was not beyond their control and the five year period of Art. 561 ran against them without interruption.
Appellants next argue that the ex parte granting of the defendant's motion to dismiss without notice or hearing deprived the appellants of due process. Appellants claim alternatively that Art. 561 is unconstitutional, since it operates without formal hearing or notice.
Although Art. 561 does not make provision for a hearing, plaintiffs did have a remedy which they in fact took advantage of, that is, filing of a motion to set aside the dismissal, followed by an evidentiary hearing. In Wicker, et al v. The Coca-Cola Bottling Co., 418 So.2d 1378 (La.App. 5th Cir.1982), writ. denied 423 So.2d 1148 (1982), the court stated:
"Appellants also contend they were denied due process because no evidentiary hearing was held on the motion to dismiss. We note, however, that there were no contested issues of fact. The record shows the plaintiffs took no procedural steps against the particular defendant within the five year period. Further notwithstanding the trial judge's authority by statute to proceed ex parte, the appellant was given an opportunity to file a brief in opposition to the motion to dismiss. Hence, he was not denied due process by a dismissal without an evidentiary hearing."
We, therefore, find no merit to these last assignments of error and find the trial judge properly granted defendants' motion for dismissal based on abandonment under La.C.C.P. Art. 561.
For the reasons assigned, the judgment of the trial court is affirmed. Appellants are to pay the costs equally.
AFFIRMED.
NOTES
[1] La.C.C.P. Art. 561 read prior to amendment in 1982:

"Art. 561. Abandonment in trial and appellate court
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court not to be less than one year."