NORRIS, Judge.
Plaintiff appeals a lower court judgment dismissing his suit as abandoned under LSA-C.C.P. art. 561. Defendants, St. Louis Southwestern Railway Company and its employee, D.L. Roberts, moved for dismissal and after a hearing the motion was granted. Finding no error, we affirm.
FACTS
Plaintiff, Wilbur Ford, originally filed suit on November 26, 1974, against St. Louis Railway, its employee and a number of Plain Dealing city officials. His suit alleged the defendants’ negligence was the cause of injuries and losses he sustained when his auto collided with a train. Numerous exceptions were filed and sustained with the result that only St. Louis Railway and Roberts remained in the suit as of September 22, 1977.
The procedural actions in the trial court pertinent to this appeal are as follows. Plaintiffs first attorney filed a motion to withdraw on March 81, 1977. Plaintiffs second counsel enrolled on April 14, 1977. Plaintiffs new counsel then filed a second supplemental and amending complaint, along with interrogatories and a request for production of documents on August 2, 1977. Defendants propounded interrogatories to plaintiff on October 5, 1977. Plaintiff filed a motion for extension of time within which to respond to the interrogatories on October 21, 1977. Plaintiff then filed a second motion for extension of time on November 14, 1977 and defendant filed a supplemental response to plaintiffs interrogatories and a request for production of documents on that same date. Plaintiffs second attorney filed a motion to withdraw on November 25, 1977. The court’s order granting this motion was signed on November 28, 1977.
Plaintiff’s present counsel, James Sharp, Jr. enrolled as attorney of record on October 29, 1982. Defendants ultimately filed a motion to dismiss for lack of prosecution pursuant to article 561 on January 3, 1985. The trial court dismissed the suit and plaintiff appeals.
On appeal, plaintiff argues that the relevant dates for determining whether this case has been abandoned are (1) the date the court signed the order permitting plaintiff’s second counsel to withdraw, November 28, 1977; and (2) the date present counsel’s motion to enroll was filed and granted, October 29, 1982. Counsel for appellant correctly points out that less than five years elapsed between the orders permitting withdrawal and enrollment of counsel. He further points out that once enrolled as attorney of record he formally requested a trial date on December 17, 1984 and trial was set for March 19, 1985. *875 He notes defendant’s motion to dismiss was not filed until after the case was set for trial.
Plaintiff’s entire argument rests upon the assumption that the motions to withdraw and enroll as counsel are “steps in the prosecution of the case” as contemplated by article 561. This is an erroneous interpretation of the applicable law. A motion to substitute counsel does not qualify as a step in the prosecution of the case. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983) and cases cited therein.
We fail to see any distinction between the motions to withdraw and enroll in the instant case and the motions to substitute counsel in Chevron Oil and the cases cited therein. The motions in the instant case serve the same purpose and accomplish the same result. The rationale of Chevron Oil is that a motion to substitute counsel only grants counsel the right to take “steps” towards prosecution of his client’s case, but does not itself constitute such a “step” within the meaning of article 561. Chevron Oil, supra at 531, 532. This rationale is equally applicable to the instant motions to withdraw and enroll. In fact, our brethren on the First Circuit have held that neither enrollment, substitution nor withdrawal of counsel constitutes a step in the prosecution of the case that will interrupt the five year period of article 561. Brown v. Edwards, 435 So.2d 1073, 1075 (La.App. 1st Cir.1983); and Prater v. Schuylkill Products Co. Inc., 281 So.2d 829 (La.App. 1st Cir.1973), writ refused 282 So.2d 719 (La.1973).
Since the motions to withdraw and enroll as counsel do not qualify as steps in the prosecution, we now look to the other pertinent filings to determine whether plaintiff’s suit has been abandoned. The next previous filing by plaintiff was his second motion for extension of time within which to respond to interrogatories, filed on November 14, 1977; his next subsequent step in the prosecution was the request for a trial date on December 17, 1984. These dates are obviously more than five years apart and, accordingly, dismissal under article 561 was proper. The fact that defendants did not file their motion for dismissal until after the plaintiff took a step in the prosecution of the case does not affect this outcome. An abandonment under article 561 is self-operative and a formal order by the trial court is not required. Chevron Oil, supra at 535. Accordingly, the lower court’s judgment is affirmed at appellant’s cost.
AFFIRMED.