GOTHARD, Judge.
This appeal is from a judgment dismissing plaintiffs’ tort claim as abandoned for the parties’ failure to take any step in its prosecution or defense in the trial court for five years.
On December 27, 1983 Danny Manuel and his wife, Wanda Manuel, individually and in behalf of their minor daughter, Da-ria Manuel, filed a tort suit against Peter Lacarbo and his alleged employer, Louisiana Power and Light Company. LP & L answered, denying that Peter Lacarbo was ever employed by the company. On March 14, 1984, counsel for the plaintiffs filed a motion to dismiss LP & L. On March 17, 1989 Lacarbo filed a motion and order to dismiss the suit on grounds of abandonment; the order dismissing the suit was signed on March 22, 1989. Also on March 22, plaintiffs filed a motion to substitute new counsel.
*775 We are asked to consider whether the case should have been dismissed, when a) the March 14, 1984 motion to dismiss a party-defendant was a step taken in prosecution of the case and interrupted prescription and b) the ineffectiveness and misconduct of the plaintiffs’ original counsel constituted circumstances beyond their control, so as to exonerate the plaintiffs from dismissal.
La.C.C.P. art. 561 provides in pertinent part:
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, ... This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Article' 561 is to be liberally interpreted and any action or step taken to move a case to judgment should be considered. Acosta v. Heyplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984). The “step” must be formal action before the court and on record, and taken within five years of the last step taken by either party. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
The plaintiffs’ motion and order for dismissal of LP & L constituted such a step. McCandless v. Poston, 540 So.2d 1310 (La.App. 2nd Cir.1989). That motion was filed on March 17, 1984, but the only subsequent pleading is a motion to substitute counsel on March 22, 1989. That motion did not stop the running of five years because the deadline would have been March 17, 1989; furthermore, enrollment or substitution of counsel is not a step in prosecution or defense of the suit. McClure v. A. Wilbert’s Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir.1970).
The plaintiffs argue that circumstances beyond their control prevented their prosecuting the case. The original attorney allegedly received from them $1800 to litigate their claim then did nothing, dodging their attempts to contact him and ultimately skipping town. They requested the Bar Association to take disciplinary action, and in April 11, 1988 it issued a formal private reprimand. In the meantime, the attorney still had the file and other attorneys allegedly refused to take the case without the file.
In Pounds v. Yancy, 224 So.2d 1, 4 (La.App. 1st Cir.1969), writ refused 254 La. 810, 227 So.2d 145 (1969), under a similar set of facts the court said:
We do not consider such circumstances beyond the control of the parties litigant. It is always within the power of a litigant to discharge an attorney who neglects or refuses to act and replace him with another counselor. “Circumstances beyond the control of the litigant”, as pertains to the issue at hand, contemplates events making it impossible for the litigant to act in his own behalf such as service in the armed forces making it impossible for the litigant to be present. Zatarain v. Portera, La.App., 63 So.2d 477. A similar circumstance, in our view, would be confinement to a mental institution.
In Prater v. Schuylkill Products Co. Inc., 281 So.2d 829 (La.App. 1st Cir.1973), writ refused 282 So.2d 719 (La.1973), an uneducated plaintiff relied upon his attorney to prosecute his case, but the suit lay dormant for more than five years. The court followed Pounds v., Yancy and held that an attorney’s failure to act is not a circumstance beyond the control of a party such as to preclude dismissal for abandonment. See also Brown v. Edwards, 435 So.2d 1073 (La.App. 1st Cir.1983). On the basis of the jurisprudence we find no merit in the plaintiffs’ position that they were unable to act.
The plaintiffs also assign as error the court’s dismissal of the case without a hearing. La.C.C.P. art. 561 provides that, “the trial court may direct that a contradictory hearing be held prior to dismissal.” We do not find in this case that the judge abused his discretion in ordering the dismissal without a hearing.
*776 For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.