602 So.2d 95 (1992)
Barbara COURTNEY, Divorced Wife of Sam J. Recile
v.
Robert E. HENDERSON, Faye C. Henderson, Sam J. Recile and the Bank of Gonzales.
No. 91-CA-2212.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
*96 George B. Recile, James McCann, New Orleans, for plaintiff/appellant.
James E. Paxton, Christovich & Kearney, New Orleans, for defendant/appellee.
Before LOBRANO, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
We are asked to decide whether the trial court erred in dismissing plaintiff's lawsuit for the failure to take any step in its prosecution for a period of five years.

FACTS:
On February 23, 1984, Barbara Courtney, divorced wife of Sam J. Recile, filed her Petition to Recover Pawned Property in the Civil District Court for the Parish of Orleans. After service was complete, answers were filed on behalf of the Bank of Gonzales on March 12, 1984, and on behalf of Robert E. Henderson on January 10, 1985, after his exception to venue was overruled. No further action was taken, and, on January 12, 1990, counsel, acting on behalf of Robert E. Henderson, filed an Ex Parte Motion and Order to Dismiss Suit on Ground of Abandonment. The order was signed on the same day.
Plaintiff promptly filed a Motion for New Trial and alleged that her prior counsel had died on January 1, 1990, ten (10) days before her action was deemed abandoned pursuant to La.Code Civ.Proc. art. 561 (West 1960). Although she initially alleged her belief that counsel had taken steps in the prosecution of the case through discovery, she abandoned that argument when no evidence of activity was uncovered. Therefore, plaintiff claimed that circumstances beyond her control, the death of her attorney, provided an exception to the rule of abandonment after five (5) years. Her Motion for New Trial was heard on January 4, 1991, and the trial judge concluded that the suit should be dismissed with prejudice. On June 17, 1991, after a contradictory hearing, an amended judgment was rendered by the trial court, which ordered that the suit be dismissed without prejudice. That judgment has been appealed by the plaintiff.

DISCUSSION:
Article 561 of the Louisiana Code of Civil Procedure provides in pertinent part that
[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
However, the jurisprudence has recognized an exception to the rule of abandonment when the failure to prosecute was caused by circumstances beyond plaintiff's control. Chevron Oil Co. v. Traigle, 436 So.2d 530, 533 (La.1983) (citing Melancon v. Continental Casualty Co., 307 So.2d 308, 311 (La.1975).) That exception evidences the well-established rule that prescription does not run against one who is unable to interrupt it.
Circumstances beyond the control of a party, however, have not included inaction by plaintiff's attorney. The fact that an *97 attorney refused or neglected to act for five years has not been found to constitute such circumstances. In Brown v. Edwards, 435 So.2d 1073, 1075-76 (La.App. 1st Cir.1983) (quoting Pounds v. Yancy, 224 So.2d 1 (La.App. 1st Cir.1969),) another circuit concluded that circumstances beyond the control of a party contemplate events which make it impossible for the litigant to act in his own behalf, such as service in the armed forces or confinement to a mental institution. Likewise, if the plaintiff can not rectify the situation, he should not be charged with the consequences. American Eagle, Inc. v. The Employers' Liability Assurance Corp., Ltd., et al., 389 So.2d 1339, 1343 (La.App. 1st Cir.1980). Thus, where the trial judge ordered a transcript, with briefs to be filed after submission of the transcript, and the transcript could not be submitted because of the death or other inability of the initial reporter, the court found a circumstance beyond the control of the plaintiff.
The positive law in this situation is clear. A suit is abandoned when the parties fail to take any step in its prosecution or defense for a period of five (5) years. In this case, it is not disputed that no action whatever was taken in the prescribed period. Instead, we are asked to extend a jurisprudential exception to the rule. We decline to do so.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.