809 So.2d 279 (2001)
Rickey J. THERIOT and Lisa Theriot
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Louis Trosclair and Michael Caldwell
No. 2001 CW 1420.
Court of Appeal of Louisiana, First Circuit.
September 25, 2001.
*280 Richard P. Ieyoub, Attorney General, Sylvia M. Fordice, Asst. Attorney General, Baton Rouge, Counsel for Defendant/Relator, State of Louisiana, through the Department of Transportation and Development.
Keith J. Labat, Thibodaux, Counsel for Plaintiffs/Respondents, Rickey J. and Lisa Theriot.
Christopher H. Riviere, Thibodaux, Counsel for Defendant, Michael Caldwell.
Before: FOIL, KUHN, and CIACCIO,[1] JJ.
*281 PER CURIAM.
This matter is before us on an application for supervisory writs wherein the State of Louisiana, through the Department of Transportation and Development, seeks review of the trial court's judgment denying its "Ex Parte Motion and Order to Abandon." Although this court ordered plaintiffs, Rickey J. Theriot and Lisa Theriot, to submit a response brief, none was filed.
The State of Louisiana, through the Department of Transportation and Development (DOTD), identifies the issues as:
1. Is the filing of a motion and order to withdraw as counsel of record a step in the prosecution or defense of an action such that it will interrupt the three-year abandonment period?
2. Does the filing of an answer by a co-defendant after the three-year period of abandonment has run constitute a waiver of another co-defendant's right to assert a claim of abandonment?
Answering both these questions in the negative, we grant the writ.

Facts
According to the plaintiffs' petition, Rickey J. Theriot was injured on April 23, 1995, when his car collided with a tree that had fallen across Louisiana Highway 308. Louis Trosclair and/or Michael Caldwell allegedly owned the land from which the tree fell. DOTD allegedly maintained the right of way or servitude upon which the tree fell. The Theriots filed suit on April 19, 1996, alleging DOTD, Trosclair, and Caldwell are solidarily liable for damages.
On or about December 12, 1996, DOTD answered the petition.
On January 6, 1997, Keith J. Labat, counsel for plaintiffs filed a "Motion & Order to Withdraw as Counsel of Record."
On December 19, 1997, DOTD filed a "Request for Written Notice" and submitted a proposed "Jury Order."
On January 8, 1998, the trial court issued written "Reasons for Denial of Jury Trial Order."
By order dated February 4, 1998, Keith J. Labat was re-enrolled as plaintiffs' counsel of record pursuant to the district court's grant of plaintiffs'"Motion and Order to Re-enroll as Counsel."
On August 17, 1999, counsel for DOTD, Harry K. Burdette, filed a "Motion and Order to Withdraw as Counsel," which was granted on August 19, 1999.
On or about January 19, 2001, counsel for co-defendant Michael Caldwell filed an "Answer to the Petition for Damages."
On January 26, 2001, DOTD filed an "Ex Parte Motion and Order to Abandon." Attached thereto was an affidavit signed by Assistant Attorney General Sylvia M. Fordice stating that the record contains no evidence of any formal steps toward the prosecution or defense of the case after January 8, 1998.
On February 5, 2001, the trial court denied the motion. No contradictory hearing was held. The trial court's notation reads, "Denied. See clerk's certificate." The January 26, 2001 Certification of Abandonment issued by the Lafourche Parish Clerk of Court identified the filing of Harry K. Burdette's 1999 motion to withdraw as counsel of record for DOTD and the 2001 Caldwell answer to the plaintiffs' petition.

Discussion
1997 La. Acts No. 1221, § 1 amended La.Code Civ. P. art. 561 changing the time *282 period for abandonment of an action from five years to three years. By its specific language, Act 1221 became effective July 1, 1998, and applied to all pending actions. 1997 La. Acts No. 1221, § 2. La.Code Civ. P. art. 561 provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

* * *
La.Code Civ. P. art. 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Clark v. State Farm Mut. Auto. Ins. Co., 2000-30, p. 6 (La.5/15/01), 785 So.2d 779, 784.
Enrolling or substituting counsel is not a step in the prosecution of an action that will interrupt the abandonment period. See Prater v. Schuylkill Products Co., Inc., 281 So.2d 829 (La.App. 1st Cir.), writ denied, 282 So.2d 719 (La.1973). Therefore, the re-enrolling of Keith J. Labat in February of 1998 was not a step in the prosecution of the action.
"If enrolling or substituting counsel is not a step in the prosecution that interrupts the five year period, then certainly withdrawing as counsel of record is not." Brown v. Edwards, 435 So.2d 1073, 1075 (La.App. 1st Cir.), writ denied, 441 So.2d 751 (La.1983). The "Motion and Order to Withdraw as Counsel," filed on August 17, 1999, by the Assistant Attorney General representing DOTD does not qualify as a step in the prosecution or defense of this action.
Abandonment is a form of liberative prescription subject to prescription-based exceptions, one of which is the waiver exception based on acknowledgment. See Clark, 2000-30 at 11-12, 785 So.2d at 787. No definite action by a plaintiff or inaction by a defendant after accrual of the three-year period can be construed as a waiver of abandonment by the defendant. Id. 2000-30 at 15, 785 So.2d at 789. However, a defendant's post-abandonment actions can serve to waive his right to plead abandonment. Id. Filing an answer after the expiration of the three-year period of non-action may constitute a waiver of the right to plead abandonment. See Production Specialties, Inc. v. Century Oil Tool Co., Inc., 602 So.2d 163, 164 (La.App. 3d Cir.1992) (Defendants, by filing an answer and reconventional demand after the expiration of a five-year period of inactivity, waived their right to plead abandonment.)
Finding that co-defendant Caldwell's answer may qualify as a waiver of the abandonment period, it must next be decided if this waiver is effective as to all defendants. This issue appears to be res *283 nova in this circuit. However, jurisprudence discussing the waiver of a claim of prescription is instructive. "Prescription is a defense that must be raised and is effective in favor only of the party claiming it. It cannot be urged by one party defendant in favor of another, and the failure of one party defendant to claim it does not deprive another party defendant of the claim." Sadler v. Midboe, 97-2120, p. 8 (La.App. 1 Cir. 12/28/98), 723 So.2d 1076, 1081. Similarly, a waiver of the abandonment period by Caldwell does not deprive DOTD of its right to assert its claim of abandonment.
To avoid a possible waiver of the right to assert abandonment, La.Code Civ. P. art. 561 instructs a defendant on the proper procedure to obtain an ex parte order of dismissal. Clark, 2000-30 at 6, 785 So.2d at 784. DOTD complied with article 561, and is entitled to have the plaintiffs' action against it dismissed as abandoned.
This court dismisses as abandoned plaintiffs' action against the State of Louisiana, Department of Transportation and Development.
WRIT GRANTED.
NOTES
[1] Judge Philip C. Ciaccio is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.