PER CURIAM.
|)At issue is whether plaintiffs suit has been abandoned. The undisputed facts indicate the last activity on the record occurred on June 4, 2008. In March 2009, plaintiff met with a representative of defendant to determine if there was any possibility of resolving the case. In addition, plaintiff had several conversations with defendant’s representatives following this meeting. On April 13, 2012, defendant filed a motion to dismiss, arguing plaintiff abandoned the case pursuant to La.Code Civ. P. art. 561. Although the district court initially granted the motion, it later set aside that judgment. The court of appeal denied defendant’s writ application. Defendant now seeks relief in this court.
Because plaintiffs suit is abandoned on its face, the sole question presented is whether any of the exceptions to abandonment apply. In Clark v. State Farm Mutual Auto Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, we explained there are two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Id. at p. 7, 785 So.2d at 784-785.
12With regard to the first exception, the plaintiff is required to make a showing his failure to prosecute was caused by circumstances beyond his control. In the instant case, plaintiff does not allege any circumstances beyond his control, such as natural disasters, prevented him from taking any steps to prosecute this action. Rather, he candidly admits that as a pro-se litigant, he was unaware of the applicable deadlines. Courts have held pro-se litigants assume responsibility for their lack of knowledge of the law. See Ledbetter v. Wheeler, 31, 357 at p. 3 (La.App. 2 Cir. 12/9/98), 722 So.2d 382, 384 (“[ajlthough we concede that Ledbetter, as a layperson, was representing himself, a pro se litigant assumes all responsibility for his own inadequacies and lack of knowledge of procedural and substantive laws”). Under these circumstances, we find contra non valen-tem does not apply.
The next question is whether plaintiff established defendant waived its right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. In Clark, we explained that a “defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.” 00-3010 at p. 7, 785 So.2d at 785. Clark cited several examples of conduct which could amount to a waiver of abandonment, such as making an unconditional tender, or “agreeing to a trial setting, submitting a case for decision, seeking security for costs, or provoking or responding to discovery.” Id. at p. 14, 785 So.2d 789, n. 15.
In the instant case, defendant took no actions which could be construed as a waiver of abandonment. At most, the parties engaged in informal settlement negotiations. Clark explicitly held the waiver exception does not apply to informal settlement negotiations. Id. at 00-3010 at p. 18, 785 So.2d at 791. Therefore, we do Rnot find defendant took any actions inconsistent with an intent to treat the case as *109 abandoned after the abandonment period accrued.[1]
Accordingly, the writ is granted. The judgment of the district court is reversed, and defendant’s motion to dismiss plaintiffs suit as abandoned is hereby granted.

. We acknowledge defendant sent discovery requests to plaintiff on July 17, 2008; however, this action occurred more than three years prior to the filing of defendant’s April 12, 2012 motion to dismiss for abandonment, and therefore cannot constitute an action inconsistent with an intent to treat the case as abandoned.