# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0573

# NEWTON McNEALY

# VERSUS

# WILFRED J. ENGLADE SR.

**Judgment Rendered:**   FEB 2 1 2020

\* \* \* \* \* \*

On Appeal from the Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket No. 105,422

Honorable Thomas J. Kliebert, Jr., Judge Presiding

\* \* \* \* \* \*

Newton McNealy
Gonzales, Louisiana

Plaintiff/Appellant,
In Proper Person

Donnie L. Floyd
Prairieville, Louisiana

Counsel for Defendant/Appellee,
Wilfred J. Englade, Sr.

\* \* \* \* \* \*

BEFORE:  WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1]  Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

The plaintiff seeks review of a judgment that granted the defendant's ex parte motion to dismiss on grounds of abandonment, resulting in the dismissal of the plaintiff's suit, as well as the trial court's denial of his motion to set aside the dismissal. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a property dispute between Newton McNealy and Wilfred J. Englade, Sr. Mr. McNealy filed a petition to be restored to possession of the property against Mr. Englade on November 15, 2012. In response, Mr. Englade filed an answer and reconventional demand against Mr. McNealy on January 22, 2013. Mr. McNealy answered the reconventional demand on March 7, 2013 and filed a motion and order for status conference on April 18, 2013. Following the status conference, a scheduling order was issued, and a bench trial was set for April 15, 2014. On April 2, 2014, Mr. Englade filed a motion and order to reschedule trial. The trial court granted the motion on April 21, 2014 and reset the trial to September 8, 2014. The trial did not go forward as scheduled after the original trial judge recused himself from this matter on May 30, 2014. On November 18, 2015, Mr. NcNealy's then-counsel, Ms. Anna E. Dow, filed a motion to withdraw, which the trial court granted on November 20, 2015.

No further action was taken until January 3, 2019, when Mr. Englade filed an ex parte motion to dismiss on grounds of abandonment, seeking to dismiss Mr. McNealy's suit per La. Code Civ. P. art. 561. In the motion and attached affidavit, as required by Article 561, Mr. Englade asserted that no steps have been taken in the prosecution or defense of this matter since Ms. Dow was allowed to withdraw as counsel for Mr. McNealy. The order was signed ex parte on January 7, 2019, dismissing Mr. McNealy's suit as abandoned.

2

On February 6, 2019, Mr. McNealy, appearing pro se, filed a motion to set aside the dismissal, which he erroneously identified as a "motion for new trial or alternatively for amendment of the judgment." In the motion, Mr. McNealy did not contradict the factual assertions made in the defendant's motion to dismiss and companion affidavit nor did he assert that depositions were taken or that the parties engaged in formal discovery not appearing in the record. Instead, Mr. McNealy stated only that after his counsel withdrew he was "left without counsel or any direction as what to do next." On February 11, 2019, the trial court wrote "DENIED UNTIMELY" across the order filed with Mr. McNealy's motion to set aside.

## ASSIGMENTS OF ERROR

Through new counsel, Mr. McNealy timely filed the instant appeal, setting forth three assignments of error:[2]

1. The trial court committed legal error in granting the ex parte motion to dismiss on grounds of abandonment "as service of the motion is procedurally defective upon McNealy."

2. The trial court committed legal error in granting the ex parte motion to dismiss on grounds of abandonment "as notice of the hearing is procedurally defective, as service of the hearing on the motion is absent in the record."

3. The trial court committed legal error in denying the "*Motion for New Trial or Alternatively for Amendment of the Judgment*, as McNealy sought to reverse the procedural defects, absence of service and notice."

## APPLICABLE LAW

### *Abandonment*

Louisiana Code Civil Procedure Article 561 provides, in pertinent part:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in

---

[2] After this appeal was filed, Mr. McNealy's counsel, Ronald Johnson, was elected to serve as a judge on the 19th Judicial District Court. Consequently, Mr. Johnson filed a motion to withdraw as counsel for Mr. McNealy on December 10, 2019. This court granted the motion on December 17, 2019 and sent notice to Mr. McNealy's last known address provided by Mr. Johnson.

its prosecution or defense in the trial court for a period of three years...

*\*\**

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

*\*\**

This article has been construed as imposing three requirements on a plaintiff. First, the plaintiff must take a "step" towards prosecution of his lawsuit. A "step" is defined as taking formal action before the court that is intended to hasten the suit toward judgment. **Clark v. State Farm Mutual Automobile Ins. Co.**, 2000-3010 (La. 5/15/01), 785 So.2d 779, 784. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. **Id.** Third, the step must be taken within the three-year period prescribed by Article 561. **Id.**

The underlying policy of the abandonment article seeks to prevent protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. **Burgess, Inc. v. Parish of St. Tammany**, 2017-0153 (La. App. 1st Cir. 10/25/17), 233 So.3d 58, 62, writ denied, 2017-2179 (La. 2/23/18), 237 So.3d 515. Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from allowing them to linger indefinitely. **Id.**, citing **Wilkerson v. Buras**, 2013-

4

1328 (La. App. 1st Cir. 8/12/14), 152 So.3d 969, 974, writ not considered, 2014-2138 (La. 11/26/14), 152 So.3d 894.  When the parties take no steps in the prosecution or defense of their claims during the period set forth in Article 561, "'the logical inference is that the party intends to abandon the claim and the law gives effect to this inference'." **Clark**, 785 So.2d at 786-7, quoting **Young v. Laborde**, 576 So.2d 551, 552 (La. App. 4th Cir. 1991).

Because dismissal is the harshest of punishments, the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. **Wilkerson**, 152 So.3d at 974.  Thus, if the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. **Id.**, citing **Hinds v. Global International Marine, Inc.**, 2010-1452 (La. App. 1st Cir. 2/11/11), 57 So.3d 1181, 1183-4.

Per Louisiana Code of Civil Procedure Article 561, abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party and is effective without court order. See **Pittman v. Flanagan**, 2018-1566 (La. App. 1st Cir. 4/17/19) 2019 WL 1648954, *2 (unpublished), writ denied, 2019-00801 (La. 9/17/19), 279 So.3d 379, citing **Clark**, 785 So.2d at 784.  Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. **Savoie v. Larmarque Ford, Inc.**, 16-221 (La. App. 5th Cir. 12/7/16), 205 So.3d 1001, 1005, citing **Clark**, 785 So.2d at 789.

There are two jurisprudential exceptions to the abandonment rule, one considers the reason for the plaintiff's inaction and the other focuses on the defendant's conduct. **Food Perfect, Inc. v. United Fire & Casualty Co.**, 2012-2492 (La. 1/18/13), 106 So.3d 107, 108 (per curiam), citing **Clark**, 785 So.2d at 784-5.  The former, the plaintiff-oriented exception, is at issue here. This exception is based on *contra non valentem* and evidences the well-

5

established rule that prescription does not run against one who is unable to interrupt it. **Courtney v. Henderson**, 602 So.2d 95, 96 (La. App. 4th Cir. 1992). This exception applies when the plaintiff establishes that his failure to prosecute is caused by circumstances beyond his control. **Food Perfect**, 106 So.3d at 108, citing **Clark**, 785 So.2d at 784-5. Such circumstances include natural disasters, service in the military, or confinement to a mental institution. **Id**. and **Jones v. Phelps**, 95-0607 (La. App. 1st Cir. 11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La. 2/2/96), 666 So.2d 1104.

### *Standard of Review*

Whether a step in the prosecution or defense of a case was taken in the trial court within a period of three years is a question of fact subject to a manifest error analysis on appeal. **Wilkerson**, 152 So.3d at 974. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. **Id**., citing **Hinds**, 57 So.3d at 1183.

### ANALYSIS

The defendant, Mr. Englade, identified the motion to withdraw filed by Ms. Dow as the last "step" taken in the prosecution or defense of this litigation.[3] However, a motion to withdraw as counsel of record is not a "step in the prosecution" that interrupts the abandonment period. See **Brown v. Edwards**, 435 So.2d 1073, 1075 (La. App. 1st Cir. 1983), writ denied, 441 So.2d 751 (La. 1983); citing **Prater v. Schuylkill Products Co., Inc.**, 281 So.2d 829 (La. App. 1st Cir. 1973) writ denied, 282 So.2d 719 (La. 1973). Therefore, for purposes of

---

[3] In the affidavit filed with the motion to dismiss on grounds of abandonment, the defendant incorrectly stated that Ms. Dow was allowed to withdraw on December 20, 2015. However, this court notes that the order was signed by the trial court on November 20, 2015. This error is immaterial, however, because abandonment occurred by operation of law prior to December 2015. See **Brown**, 435 So.2d at 1075, recognizing that the clerk's certificate identifying the incorrect date of the last action in the suit did not affect the validity of the dismissal under Article 561.

6

La. Code Civ. P. art. 561, the last step taken in prosecution or defense of this matter occurred on April 21, 2014, when the trial court granted the defendant's motion to reset the trial. See **Wilkerson**, 152 So.3d at 977-8, recognizing that an action taken by the trial court is a "step" in the prosecution or defense when it acts in response to an action taken by a party, thereby completing that party's step. However, a step taken by the court on its own motion, such as the trial court's order of self-recusal in this matter, is not a step that interrupts the period of abandonment. **Id**. at 977.

**Attorney's Withdrawal**

Mr. McNealy does not contend that a step was taken in the prosecution or defense of this matter within three years prior to the order of dismissal. Instead, Mr. McNealy contends that he was unaware that his former attorney, Ms. Dow, withdrew from the representation and was further unaware that no action was taken on his behalf following counsel's withdrawal. Therefore, Mr. McNealy maintains that he "should not be prejudiced by the inactions of his previous counsel of record." We find this argument unpersuasive.

The order allowing Ms. Dow to withdraw as counsel for Mr. McNealy was signed on November 20, 2015. As the defendant points out, there is no indication in the record that Mr. McNealy made any effort to contact Ms. Dow in the years following her withdrawal to inquire about the status of the case or to move the matter along. In fact, Mr. McNealy's plea of ignorance of counsel's withdrawal for more than three years demonstrates the opposite is true.[4] Mr.

---

[4] The motion to withdraw reflects that Ms. Dow complied with the notice requirements of the applicable rules governing attorney withdrawal, including a good faith attempt to notify the client in writing of the withdrawal and of the status of the case. See Uniform Rules of Louisiana District Courts, Rule 9.13; Louisiana Rules of Professional Conduct, Rule 1.16. Prior to filing the motion to withdraw, Ms. Dow sent a certified letter to Mr. McNealy's last known address (which he does not dispute was and is his correct address) advising him of her imminent withdrawal, *as they had previously discussed.* The letter was returned "unclaimed." The certificate of service on the motion also reflects that counsel sent the motion to Mr. McNealy via U.S. mail or by facsimile on November 18, 2015. Finally, because no hearing or trial was scheduled at the time the motion was filed, Ms. Dow was properly permitted to withdraw ex parte. See District Rule 9.13(e).

7

McNealy failed to ensure that his case was properly moving forward, and the fault is his and his alone. There is no evidence in the record that suggests to this court that Mr. McNealy did not intend to abandon his suit. Mr. McNealy failed to present evidence sufficient to establish that circumstances beyond his control excused his failure to prosecute.

Our conclusion is consistent with Louisiana jurisprudence, which recognizes that inaction by a party's attorney is not a circumstance beyond the control of a party justifying the application of the exception. See **Haisty v. State, Department of Transportation & Development**, 634 So.2d 919, 922 (La. App. 2d Cir. 1994), citing **Brennan v. Shell Offshore, Inc.**, 602 So.2d 97 (La. App. 4th Cir. 1992), recognizing that the plaintiff-oriented exception to the abandonment rule is "designed to protect parties who are physically incapable of taking the requisite steps." **Id.** See also **Courtney**, 602 So.2d at 97, holding that the plaintiff-oriented exception to the rule of abandonment did not apply where the plaintiff's attorney died ten days before the end of the abandonment period.

In **Pecot v. Calcasieu-Cameron Hospital Service District**, 2003-1102 (La. App. 3d Cir. 2/18/04), 867 So.2d 56, 61-62, writ denied, 2004-0719 (La. 5/7/04), 872 So.2d 1085, the court found the plaintiff's attorney's inaction did not provide a reason to maintain the suit, although the plaintiff suffered from depression, had limited education, was advanced in age, took numerous types of medications, and had other physical problems. "[Plaintiff] was not prevented from contacting another attorney who could have acted more diligently on her behalf. In other words, Plaintiff could have rectified the situation." **Id.** at 62.

Similarly, in **Succession of Knox**, 579 So.2d 1164 (La. App. 2d Cir. 1991), the Second Circuit affirmed the dismissal of the plaintiff's suit as abandoned. The court rejected the plaintiff's argument that she was unaware that her attorneys were not prosecuting her suit or that it could be dismissed for failure to prosecute. See also **In re Succession of Roberts**, 2015-356 (La.

8

App. 3d Cir. 11/4/15), 178 So.3d 261, 264, <u>writ denied</u>, 2015-2227 (La. 1/25/16), 185 So.3d 753, wherein the court stated, "We also find [the plaintiff's] argument that his attorney allegedly failed to advance his interests is not a factor that serves to defeat a dismissal based on abandonment. [The plaintiff] had three years to check on the status of his case, yet failed to do so until over three years had passed with no action being taken." In **Manuel v. Lacarbo**, 554 So.2d 774, 775 (La. App. 5th Cir. 1989), the court found no merit in the plaintiffs' argument that circumstances beyond their control prevented them from prosecuting their suit. The plaintiffs' original attorney was paid to handle their suit "then did nothing, dodging their attempts to contact him and ultimately skipping town." **Id**. Further, other attorneys allegedly refused to take the plaintiffs' case because the original attorney still had the file. Nevertheless, the court affirmed the dismissal of the plaintiffs' suit as abandoned. **Id**. at 775-6.

Finally, in **Prater**, 281 So.2d at 830, this court affirmed the dismissal of the plaintiff's suit, summarizing his arguments as follows:

> The only contention advanced by plaintiff is that his failure to prosecute the case was caused by circumstances beyond his control, namely, that he is an uneducated person and that he relied on his attorney to advance the case. Plaintiff further argues that his attorney, or at least one of them, was in bad health and, although the plaintiff contacted him on many occasions, the attorney did not press the case. This contention has been disposed of by **Pounds v. Yancy**, 224 So.2d 1 (La. App. 1st Cir. 1969), <u>writ refused</u> 254 La. 810, 227 So.2d 145 (1969), which held that the failure of an attorney to act is not a circumstance beyond the control of a party such as to preclude dismissal for failure to prosecute the action.

A party's status as a pro se litigant likewise does not mitigate in favor of extending the abandonment period. <u>See</u> **Food Perfect**, 106 So.3d at 108, wherein the Louisiana Supreme Court concluded that the plaintiff-oriented exception to the abandonment rule was inapplicable, where the plaintiff did not allege any circumstances beyond his control, such as natural disasters, prevented him from taking any steps to prosecute this action. Rather, as a pro se litigant, the plaintiff was simply unaware of the applicable deadlines.

9

Therefore, we conclude that the withdrawal of Mr. McNealy's counsel in 2015, with over a year remaining in the abandonment period, was not a circumstance beyond Mr. McNealy's control sufficient to warrant application of the plaintiff-oriented exception to the abandonment rule.

**Due Process and Pre-Dismissal Notice**

Next, Mr. McNealy argues that the dismissal of his suit violated due process because he was not served with notice of the ex parte motion to dismiss or notice of a hearing prior to the entry of the order of dismissal. Contrary to this assertion, the law is clear that Mr. McNealy was not entitled to notice of the filing of the motion to dismiss filed pursuant to La. Code Civ. P. art. 561 prior to the entry of the ex parte order of dismissal. Due process likewise does not require a contradictory hearing prior to dismissal for abandonment per Article 561.

As noted, abandonment is self-executing and occurs by operation of law. Therefore, even without the entry of a formal order of dismissal, Mr. McNealy's suit was abandoned by operation of Article 561. Further, this article specifically allows for the entry of an order of dismissal upon the filing of an "*ex parte motion of any party or other interested person...*" La. Code Civ. P. art. 561(A)(3) (emphasis added). See **Wilkerson**, 152 So.3d at 976, finding the trial court did not err by dismissing the plaintiffs' case ex parte. "Under Article 561, there is no requirement that an ex parte motion for abandonment be served on opposing counsel before the trial court can validly enter a formal order of dismissal. The formal order of dismissal merely recognizes that which has already occurred through operation of law." **Id**. See also **Brown**, 435 So.2d at 1076 and **Reese v. Jackson**, 37,268 (La. App. 2d Cir. 6/25/03) 850 So.2d 1011, 1014, reaching the same conclusion.

Finally, see **Lewis v. Southern University & Agricultural & Mechanical College**, 2013-2213 (La. App. 1st Cir. 12/30/14), 2014 WL

*3 (unpublished), writ denied, 2015-0495 (La. 5/15/15), 170 So.3d 968, wherein this court rejected the plaintiffs' argument that the trial court erred by failing to give notice of a hearing prior to the dismissal of their case. "Thus, no legal requirement mandated that the district court provide the [plaintiffs] with notice of the court's review regarding dismissal for abandonment." **Id**. at *3. In accordance with this well-settled law, we find no merit in Mr. McNealy's argument.

**Due Process and Post-Dismissal Notice**

Similarly, Mr. McNealy asserts in brief that the dismissal of his suit violated due process because the sheriff did not serve him with the signed order of dismissal. Although Mr. McNealy did not assign this as error, we, nevertheless, address the issue for completeness and in the interest of ensuring fundamental fairness to the litigants.

Louisiana Code of Civil Procedure Article 561(A)(3) requires that service of the signed order be made by the sheriff. The record contains a notice issued by the clerk of court to Mr. McNealy on January 14, 2019. The notice states that the defendant requested service the same day and that an "EXPARTE MOTION TO DISMISS ON GROUNDS OF ABANDONMENT" was filed on January 3, 2019. However, the notice does not indicate that an order was signed granting the ex parte motion to dismiss nor does it state that notice of such signing was provided to Mr. McNealy. Consequently, while the Ascension Parish Sheriff's service return confirms that Mr. McNealy was personally served with this notice on January 16, 2019, it is not evident from the face of the notice that Mr. McNealy was served with notice of the signing of the order of dismissal.

Although the record is unclear in this regard, this court notes that, in his motion to set aside, Mr. McNealy acknowledged that he was served with a "judgment rendered against him based on abandonment." Louisiana Civil Code art. 1853 provides,

11

A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

A judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission and withdrawing the subject matter of the confession from issue. **Cichirillo v. Avondale Industries, Inc.**, 2004-2894 (La. 11/29/05), 917 So.2d 424, 429. A judicial confession must be explicit and cannot be implied. **Yesterdays of Lake Charles, Inc. v. Calcasieu Parish Sales and Use Tax Department**, 2015-1676 (La. 5/13/16), 190 So.3d 710, 729. Thus, Mr. McNealy's argument concerning lack of notice of dismissal is unsupported.

**Denial of Motion to Set Aside Order of Dismissal**

In his final assignment of error, Mr. McNealy asserts that the trial court erred by denying his motion to set aside the order of dismissal "as McNealy sought to reverse the procedural defects, absence of service and notice." For reasons discussed, we find no merit in Mr. McNealy's arguments concerning these alleged "procedural defects" and, therefore, find that Mr. McNealy failed to present a valid argument in support of vacating the trial court's ruling on the motion to set aside the order of dismissal.[5]

## CONCLUSION

For the foregoing reasons, we affirm the trial court's January 7, 2019 judgment granting the defendant's ex parte motion to dismiss on grounds of

---

[5]  Mr. McNealy does not assert that the trial court erred by denying his motion to set aside the dismissal as untimely; however, this court notes that the trial court erred in this regard. The order of dismissal was signed on January 7, 2019, and Mr. McNealy's motion to set aside was filed on February 6, 2019. Although the record does not establish when the sheriff served Mr. McNealy with the signed order, which triggers the thirty-day filing period provided by Article 561(A)(4), it is evident that Mr. McNealy's motion was filed within thirty days of the signing of the order. Therefore, Mr. McNealy's motion was timely. However, because this court considered the merits of Mr. McNealy's arguments in favor of setting aside the order of dismissal, we find the trial court's error in denying the motion as untimely was harmless. See **Wilkerson**, 152 So.3d at 976; **Reese**, 850 So.2d at 1015.

abandonment, thereby dismissing the plaintiff's suit. We also affirm the trial court's February 11, 2019 order denying the plaintiff's motion to set aside the dismissal. Costs of this appeal are assessed against the appellant, Newton McNealy.

**AFFIRMED.**

13