DUFRESNE, Judge.
The appeal before us arises from an alleged inter vivos donation of money given by Stanley Adams (the deceased husband and father of plaintiffs, Cecile Adams and Daryl Adams, respectively) to the defendants, Dorothy Evans, Bridget Marie Hill and Alice Joseph. Stanley Adams purchased a certificate of deposit from the St. James Bank & Trust Company in the amount of $15,059.83 and had same issued to the defendants, Dorothy Evans, Bridget Marie Hill or Alice Joseph. Stanley Adams died before this alleged donation was discovered by his wife, Cecile and children, Daryl, Milton and Tharis Adams. After being informed of the aforementioned circumstances, Daryl Adams and his mother, Cecile Adams, petitioned the trial court for a Temporary Restraining Order and Preliminary Injunction, seeking to enjoin Dorothy Evans, Bridget Marie Hill and Alice Joseph from “cashing in” the St. James Bank C.D. Plaintiffs argue that the alleged act of donation was attempted without the consent of Cecile Adams, and is, therefore not a valid act of donation. Furthermore, should defendants “cash in” the C.D., it would cause immediate and irreparable loss and damage.
The trial court granted the TRO and after a hearing was held, the court granted a preliminary injunction on April 19, 1983, prohibiting the defendants from “cashing in” the C.D.
The last action taken in this case relating to merits of the injunction or otherwise was April 27, 1983, when counsel for defendant, Dorothy Evans filed a Notice of Deposition. For the next five years, no pleadings whatsoever were filed in this action.
On October 5, 1988, the defendant Dorothy Evans filed an Ex Parte Motion to Dismiss For Abandonment, seeking the dismissal of the preliminary injunction and the entire action.
The trial court granted the motion dismissing this action with prejudice on October 1, 1988.
Daryl Adams filed a Motion to Vacate Order of Dismissal on March 13, 1989. After a hearing on May 16, 1989, the trial court rejected Daryl Adams’ demand and affirmed its prior decision dismissing the entire action on the basis of abandonment.
Plaintiff, Daryl Adams appeals the decision, denying his motion to vacate the order of dismissal and argues that the court’s decision is contrary to the law and evidence.
The issue before us is whether there can be an Ex Parte dismissal of a preliminary injunction on the basis of abandonment.
The appellant contends that a preliminary injunction shall only be dissolved or modified via a show cause hearing. LSA-C.C.P. art. 3607. Furthermore, Adams contends that before a preliminary injunction should be dissolved or modified, there should be proof given to show it was wrongfully issued or there has been some change in circumstances.
The defendant, Dorothy Evans contends that Daryl Adams’ petition for injunctive relief also asserts a claim of ownership over the certificate of deposit. Although the pleading fails to assert a prayer to recover the C.D., it is clear from the petition that the primary issue before the trial court was ownership, that injunctive relief was ancillary to the main demand. A close reading of the original Petition For Writ of Injunction sets forth an allegation of ownership and we recognize the true nature and intent of that pleading. LSA C.C.P. art. 862, Spencer v. Children’s Hospital, 419 So.2d 1307 (La.App. 4th Cir.1982). It is clear, that plaintiff did not seek to merely enjoin the “cashing in” of the C.D., however, it was necessary to immediately prevent any removal of funds from the St. James Bank in order to establish lawful ownership. We do not believe that plaintiff’s ultimate goal was just to enjoin the use of the money, rather it was his goal to *128 obtain the use of the money. Because there existed a triable and justifiable issue before the trial court, there was a cause of action for ownership and the preliminary injunction was a part of this cause.
LSA-C.C.P. art. 3601 provides in pertinent part:
“During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
Except as otherwise provided by law, an application for injunctive relief shall be by petition.”
Amended by Acts 1969, No. 34, § 2.
In Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979), the Supreme Court stated:
“A preliminary injunction is a procedural device interlocutory in nature designed to preserve the existing status pending a trial of the issues on the merits of the case.” [See] LSA-C.C.P. art. 3601.
We followed Smith in Frommeyer v. St. Charles Parish, 444 So.2d 714 (La.App. 5th Cir.1984) and in Federal Nat. Mortgage Assn. v. O’Donnell, 446 So.2d 395 (La. 5th Cir.1984).
The law is clear that preliminary injunctions are interlocutory in nature, designed to preserve the existing status pending the trial of the issues on the merits of the case. However, should there be no trial for five years, we find the cause of action is abandoned.
LSA-C.C.P. art. 561 provides in pertinent part:
Art. 561. Abandonment in trial and appellate court
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years,....
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.” (emphasis added)
In Putch v. Straughan, 397 So.2d 38 (La.App. 2nd Cir.1981), a case was continued for argument and plaintiff failed to file a motion to reset for five years. Defendant filed a motion to dismiss for want of prosecution pursuant to LSA-C.C.P. art. 561. In reversing the trial court the 2nd Circuit held:
“After the court’s statement that the case was being continued for argument, it was plaintiff’s responsibility to request that the trial judge fix a date for that argument. Failing to take that step in the prosecution for a period of five years ..., plaintiff is deemed to have abandoned his action under the provisions of Article 561 which are operative without formal order....”
We find similar circumstances arising in this case. Plaintiff was granted his injunc-tive relief, but failed to take any steps whatsoever for five years to prosecute his case. In order for plaintiff to have taken a “step” in the prosecution of his suit, within the meaning of Article 561, he shall take formal action before the court on the record intended to hasten the matter to judgment. Daryl Adams failed to take any step whatsoever. This cause was properly dismissed due to plaintiff’s inaction, and under our law, when the cause of action was abandoned, the preliminary injunction was abandoned. The ex parte order dissolving the preliminary injunction was lawful.
For the reasons cited above, we find the decision of the trial court proper and without error. Accordingly, we affirm.
AFFIRMED.