1 pMURRAY, Judge.
Plaintiffs appeal the district court’s judgment rendered January 13, 2000. Plaintiffs W.J. Johnson and R.J. Johnson are vendors participating in the New Orleans French Market (a flea market). They have, over the past ten years, filed numerous lawsuits against the French Market Corporation [hereinafter “FMC”] in Orleans Parish Civil District Court, all of which were transferred to a single division of that court in early 1999. The district court judge, on his own motion, consolidated all the actions (ten in number) at the hearing on November 19, 1999.[1] At that time, the judge heard the Johnsons’ motion for a temporary restraining order and motion to vacate a judgment dismissing some of their actions on grounds of abandonment, as well as exceptions of res judicata and no right of action raised by the FMC. On January 13, 2000, the district court rendered judgment dissolving preliminary injunctions in six of the ten actions, and granting the exceptions of res judicata and no right of action in two (which effectively dismissed those eight actions), and ordering that the remaining two cases would be heard by the district court in the future, pending disposition by the court of appeal of certain issues in I ?,those cases. The judge issued detailed written reasons for judgment explaining the disposition of each case.
On appeal, the Johnsons argue that the district court’s dismissal of the eight actions was improper, and further that the judge’s comment concerning the probable mootness of the ninth, pending action, was also improper. For the purpose of clarity, we have grouped the actions for discussion in the same way that they were grouped in the judgment.

Case Numbers 91-2372, 91-3856, 91-8179, 91-8260, and 91-8449

These actions were filed in 1991 by various plaintiffs, including the Johnsons (petitioners in 91-8260), all of whom were French Market vendors, seeking an injunction to prohibit the FMC from enforcing a policy which banned the display and sale of T-shirts in the flea market by all but five pre-selected vendors. Following a hearing on June 17, 1991, the district court on June 20, 1991, issued a preliminary injunction prohibiting the FMC from enforcing the ban until further orders of the court.
The record does not reflect, nor do the plaintiffs contend, that they ever sought a permanent injunction. In the January 13, 2000 judgment, the district court dissolved the preliminary injunction, stating in the accompanying reasons that it was dis *186 solved “for lack of prosecution for a permanent injunction.” . On appeal, the John-sons argue that the district court judge dissolved the injunction without the proper notice and hearing.
Louisiana Code of Civil Procedure article 8607 provides:
An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days’ notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and |4determine the motion as expeditiously as the ends of justice may require.
The court, on its own motion and upon notice to all parties and after hearing, may dissolve or modify a temporary restraining order or preliminary injunction.
The Johnsons do not contest that they received actual notice of the November 19, 2000 hearing. However, citing the above article, they argue that the dissolution of the 1991 preliminary injunction at that hearing was improper because the hearing was not scheduled to address the 1991 cases, but rather, was set up to address the Johnsons’ motion to vacate the dismissal of cases 98-5484 and 94-14625 for abandonment and the FMC’s exceptions to the Johnsons’ new (1999) petition in case 94-14625. Because the notice was not case-specific, therefore, the Johnsons argue that it was inadequate as to them and also, that the other named plaintiffs in the 1991 actions did not receive any notice.
After reviewing the law, we conclude that the district court’s dissolution of the preliminary injunction was proper. The seeking of a temporary restraining order or preliminary injunction is ancillary to an action for a permanent injunction. Code of Civil Procedure article 3601 provides, in pertinent part:
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
Thus, a preliminary injunction is a procedural device, interlocutory in nature, designed to preserve the existing status pending a trial on the merits of the case. Adams v. Evans, 556 So.2d 126, 128 (La.App. 5th Cir.1990) (citing Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979)).
When, however, the party that has obtained a preliminary injunction fails to seek a permanent injunction (and no other action is taken in the case) for a period | Bof at least three years, that case is deemed abandoned by law. Article 561 of the Code of Civil Procedure provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years .... the trial court shall enter a formal order of dismissal as of the date of its abandonment.
The Louisiana Supreme Court has recently confirmed that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Clark v. State Farm Mutual Auto Ins. Co, 00-3010, p. 6, (La.5/15/01); 785 So.2d 779, 784.
According to the record, no step has been taken in the prosecution or defense of *187 any of the 1991 cases since the issuance of the preliminary injunction on June 20, 1991.[2] Neither the Johnsons nor the FMC disputes this fact. Therefore, the five 1991 actions were abandoned long before the trial judge formerly dissolved the preliminary injunction on January 13, 2001. Considering this fact, the Johnsons’ contention that there was not adequate notice of the hearing held November 19, 2000, is irrelevant.
In Adams v. Evans, supra, the plaintiff challenged an ex parte order dissolving a preliminary injunction on the grounds that the injunction could only be dissolved after notice and a hearing pursuant to C.C.P. article 3607. The court held, however, that because the plaintiff had failed to seek a permanent injunction or to take any other step in the prosecution of his case for five years, the cause of faction was abandoned and the ex parte order dissolving the injunction was lawful. Id. at 128. At the time that case was decided, the period of inaction required for abandonment was five years. However, in 1997, the legislature amended C.C.P. article 561 to change that period to three years. The amendment became effective July 1, 1998, and was specifically made applicable to all actions pending at that time. See 1997 La. Acts, No. 1221. Therefore, the 1991 cases in question were abandoned due to three years of inaction following the issuance of the preliminary injunction in June of 1991. Accordingly, we conclude that the district court did not err by dissolving the injunction.

Case Numbers 93-5484 and 94-14625

These cases stem from the FMC’s attempt in 1993 to implement a more stringent policy of identifying its vendors, including viewing picture identification and obtaining their social security numbers. Apparently, W.C. Johnson refused to comply with this policy, and therefore did not participate in the market from March 1, 1993 until April 11, 1993. The 1993 suit sought injunctive relief against enforcement of the new FMC policy.[3] Initially, a temporary restraining order enjoining enforcement was issued, but after a hearing on April 28, 1993, the district court found the policy to be constitutional and denied a preliminary injunction. Johnson sought a writ in this court, which was denied on May 27, 1993, and the Louisiana Supreme Court denied writs on July I, 1993. The record contains no further action in case 93-5484.
The 1994 suit was filed by W.C. Johnson alleging that because he had spent more than 28 days out of the market while protesting the identification policy, the 17FMC had unfairly changed his tenure date, which dates were used to assign vendor positions within the market. In this case, Johnson alleged that the FMC in September of 1994 announced an interim assignment of spaces in the market which violated a decision of this court in a similar case filed by other vendors, and sought injunc-tive relief against implementation of this assignment. On December 12, 1994, the district court granted a preliminary injunction against the FMC “pending a proper formulation list in accordance with the *188 Court of Appeal’s decision in Parker v. French Market Homestead.”[4] A permanent injunction was never sought.
According to the transcript of the November 19, 1999 hearing, cases 93-5484 and 94-14625, which had been consolidated on motion of the FMC, were dismissed on account of abandonment by judgment dated November 20, 1998.[5] On October 22, 1999, the Johnsons filed another petition for injunctive relief in case 94-14625, claiming that the FMC had unfairly-changed W.C. Johnson’s tenure date in 1993 based upon his absence from the market for more than 28 days, but had not begun enforcing the new date until October 6, 1999.[6] W.C. Johnson claimed that the validity of the new tenure date had never been litigated, and the enforcement of that date constituted the taking of property without adequate notice |sor hearing. Apparently concurrently with the filing of the 1999 petition, the Johnsons also moved to annul the 1998 judgment of dismissal for abandonment.[7]
To the 1999 petition, the FMC filed exceptions of no right of action and res judicata, claiming that the denial of the preliminary injunction in case 93-5484 and the subsequent denial of writs by this court and the Supreme Court had decided the same issue presented by the petition; that the dismissal for abandonment was final;[8] and that R.C. Johnson had no standing because her tenure date had not been altered. The judgment of January 13, 2000 ordered that the FMC’s exceptions of res judicata and no right of action *189 were granted with regard to the two consolidated cases.[9] In his reasons for judgment, the district court judge indicated that these cases had already been dismissed as abandoned by the district court in 1998, that “the matter” been decided in 1998, and that the issues raised by plaintiffs were moot. At the hearing, the district court judge stated that he was denying as moot the plaintiffs’ motion to annul the judgment of dismissal for abandonment. He explained that technically, case 93-5484 was “dead” in July of 1993 when the Supreme Court declined to review the denial of the preliminary injunction, long before it was deemed abandoned.
| a We find no error in the district court’s disposition of cases 93-5484 and 94-14625. Plaintiffs apparently did not present any evidence to show that a step was taken in the prosecution of either of these cases between 1993 and 1998, which would require annulment of the judgment of dismissal. Nor is there such evidence in the record on appeal. Plaintiffs did argue that the cases were not abandoned because they were removed to federal court, but the district court found, and the record confirms, that neither case was ever removed. Instead, the Johnsons filed a suit in federal court alleging essentially the same claims they made in state court. Legally, the federal court suit had no effect on the state court proceeding. On appeal, the Johnsons argue that the issue of the change in W.C. Johnson’s tenure date has never been litigated. However, even if this assertion is correct, it nevertheless is the result of the Johnson’s own attempt to re-assert their claim by filing a second petition for injunctive relief in an already abandoned lawsuit, rather than by filing a new suit, which might be subject to an exception of prescription. Because plaintiffs did not prove that there exists any ground to annul the judgment of dismissal for abandonment, we conclude that the district court did not err in denying the motion to annul. Our conclusion in this regard makes it unnecessary for us to address the granting of the exceptions of no right of action and res judicata.

Case Number 95-9648

In June 1995, the Johnsons and two other vendors filed this petition for injunctive relief after the FMC issued a memo in May 1995 informing the flea market vendors that, as of July 1, 1995, the FMC would begin enforcing an existing policy requiring them to obtain I.D. tags by submitting picture identification and social security numbers. Essentially, this action seeks the same |inrelief from enforcement of the same policy plaintiffs initially complained of in case 93-5484. On July 7, 1995, the district court issued a preliminary injunction preventing the FMC from penalizing the named plaintiffs for their refusal to provide certain identifying information. However, the petitioners never took any action to set a hearing on the merits of a permanent injunction. The appellate record reflects that no action has been taken in this case since the issuance of the preliminary injunction in 1995.[10]
*190 Accordingly, in the January 13, 2000 judgment, the district court dissolved the preliminary injunction for lack of prosecution for a permanent injunction. As discussed herein with regard to the 1991 cases, a preliminary injunction is by definition only a temporary measure, which is ancillary to the ordinary procedure to decide the merits of a permanent injunction. See La. C.C.P. art. 3601; Smith v. West Virginia Oil & Gas Co., supra. Considering that at the time of the hearing in November 1999, this preliminary injunction had been in effect for more than four years with no effort by the plaintiffs to set the matter for hearing on the merits, we conclude that the district court did not err by dissolving the injunction in case 95-9648.

Case Number 96-18349

The Johnsons filed this petition for injunctive relief to prevent the FMC from taking punitive action against them (such as a reprimand, suspension or expulsion from the Market) as a result of a claim by an adjacent flea market vendor that the Johnsons had damaged some t-shirts she had on display by burning incense. The basis of the Johnsons’ petition was that the complaint resolution Inprocedure used by the FMC, which did not include a hearing, failed to meet due process standards. On November 13, 1996, the district court issued a preliminary injunction enjoining the FMC from taking disciplinary measures against the Johnsons without the safeguards of a hearing, a finding of fault, and a review procedure. According to the written reasons accompanying the January 13, 2000 judgment, the FMC changed its policy and complied with the court’s order to have a hearing, by which procedure the Johnsons were exonerated.[11] The district court further stated, however, that this case remains under appeal on the issue of injunctive relief, and held that any remaining issues were to be heard pending disposition by the appellate court.
The Johnsons have not assigned this portion of the judgment as error, but have complained in their brief that the district court’s statement in the judgment that the remaining issues would be decided “in light of the possible mootness of the original complaint,” was improper. This contention of the Johnsons is not actionable on our part.

Case Number 98-1232

The plaintiffs filed this action seeking damages for alleged wrongs perpetrated on them by the FMC.[12] Plaintiffs apparently sought a jury trial, which was denied. The judgment of January 13, 2000 orders that this case is to be heard pending a decision by the appellate court on the jury trial issue, and the district court judge noted in his written reasons that the motions and exceptions being considered at the time of the hearing were unrelated to this action. The Johnsons do not assign this portion of the judgment as error on appeal.

^Conclusion

Accordingly, for the reasons given, we amend the district court’s judgment to correct the clerical error, as stated in footnote 9 herein, and affirm the judgment as amended.
AMENDED AND AFFIRMED.

. The actions are numbered as follows: 91-2372, 91-3856, 91-8179. 91-8260. 91-8449. 93-5484, 94-14625, 95-9648, 96-18349 and 98-1232.

. According to the January 13, 2000 reasons for judgment, the FMC applied for a writ and later appealed, but both were denied and the preliminary injunction remained in place. These documents do not appear in the record.

. The petition in 93-5484 does not appear in the record, but the district court judge refers to it in his reasons for judgment. The record does contain the temporary restraining order issued in this case, the transcript of the denial of the preliminary injunction, the denial of writs by the Fourth Circuit, and the denial of writs by the Supreme Court.

. In Parker v. French Market Corporation, 615 So.2d 1347 (La.App. 4th Cir.1993), various vendors, not including either of the Johnsons, filed suit to challenge the re-assignment of stalls in the French Market pursuant to a tenure list put in effect in 1991. The district court denied plaintiffs’' request for a preliminary injunction, and the court of appeal reversed. This court held that the right to a specific stall was a property interest and there was State involvement; therefore, the vendors were entitled to timely notice and a meaningful hearing before eviction or re-assignment. Id. at 1353. This court granted a permanent injunction pending the formulation of a proper tenure list by the FMC. Id.

. Neither of these documents appears in the record on appeal; this information comes from the transcript of the hearing.

. The record contains a 6/10/93 letter to W.C. Johnson informing him that the FMC has assigned him a new tenure date of 4/11/93 (his previous date was 4/1/85) due to his absence from the market for refusing to comply with the identification policy, and a second letter dated 10/22/93, informing Mr. Johnson that he would continue to be served using his old date until the conclusion of his pending litigation. That letter also warned Mr. Johnson that if he was unsuccessful in his lawsuit, the new date would apply and he would then be forced to submit to the identification process.

. -Although no motion appears in the record, the 1999 petition, in paragraph 17, refers to the allegedly wrongful dismissal of petitoners’ state and federal actions in November of 1998 and March of 1999, and states that "further proceedings" with regard to the dismissals "have been initiated and/or are being prepared as of the filing of this action.” Also, the transcript reflects that the district court judge stated the purpose of the November 19, 1999 hearing as being to consider the motion to annul the judgment of dismissal for abandonment in actions 93-5484 and 94-14625.

. La. C.C.P. art. 561 provides that is a formal order of dismissal for abandonment is entered, "The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.” The record does not reflect whether the Johnsons were served with the order of dismissal or whether the motion to annul was timely, but obviously the November 19, 1999 proceeding was a contradictory hearing on this issue, such as is contemplated by article 561.

. There is an obvious clerical error in the judgment, which refers to case 94-14625 as "94-9648,” a non-existent case. Because the reasons for judgment leave no doubt that the district court intended to refer to 94-14625, we hereby correct that judgment pursuant to La. C.C.P. art. 2164, giving the appellate court the authority to "render any judgment that is just, legal and proper upon the record on appeal.” See also, Nichols v. Nichols, 95-1290 (La.App. 3 Cir. 3/20/96), 671 So.2d 1069 (correction of mathematical error); and Ermert v. Hartford Ins. Co. 585 So.2d 640 (La.App. 4th Cir.1991) (party erroneously cast as debtor in judgment).

. The reasons for judgment indicate that there was an exception of res judicata filed, *190 but never heard or decided. This exception does not appear in the record.

. No evidence of this appears in the record.

. The petition does not appear in the record. This information comes from the transcript of the hearing.