hPEATROSS, J.
This is an appeal from a judgment of dismissal for abandonment in a case involving a petition to rescind and set aside an act of sale for alleged fraud and failure of consideration. For the reasons stated herein, we affirm the trial court’s judgment.

FACTS

Judy A. Sanderson Reese filed suit in February 1999 alleging, inter alia, that a representative of A-Jack’s Bail Bonds, Inc. (“A-Jack’s”), which provided a bond for her husband’s release from jail, had fraudulently obtained her signature on an Act of Sale selling her home to the bonding company for $5,000, and had later obtained a mortgage on the property and subsequently sold the property to a third entity, all without Mrs. Reese’s knowledge. Defendants named in Mrs. Reese’s petition include A-Jack’s; Demeleus Shombray Jackson, d/b/a Jackson Financial Group, the entity that purportedly bought Mrs. Reese’s home from A-Jack’s; Deborah Wilson, representative of A-Jack’s; International Fidelity Insurance Company, surety for A-Jack’s; and Real Estate Loan Company, the mortgagor that loaned A-Jack’s or Ms. Wilson money on the home. Also in February 1999, Mrs. Reese obtained a preliminary injunction preventing the defendants from recording any further purported transfers of her immovable property, preventing foreclosure or sale of her property and preventing a disturbance of her possession of the property. Two of the defendants filed answers in March 1999 and June 1999, but no other pleadings were filed until defendant, International Fidelity Insurance Company, filed a motion to dismiss for abandonment in August 2002. The trial court entered a formal 1 i>order of dismissal on August 2, 2002, stating that the suit was abandoned. The preliminary injunction appears to have been in effect prior to the order of dismissal.
On November 4, 2002, Mrs. Reese filed a motion to set aside the order of abandonment, asserting that her counsel had not been served with any notice of the judgment of abandonment and that the motion for abandonment was not properly mailed to her counsel until August 18, 2002. On November 6, 2002, Mrs. Reese also filed a notice of appeal, seeking a devolutive appeal from the judgment of abandonment.
Once the appellate record lodged and this court noticed that both a motion to set *1013 aside the order of abandonment and a motion for appeal had been filed, Mrs. Reese’s counsel was ordered in January 2003 to indicate whether counsel would pursue or forgo the motion to set aside. The following month, counsel responded that Mrs. Reese would forgo the motion to set aside the order of abandonment; this court responded by recognizing counsel’s decision and ordering the appeal to proceed.
On appeal, Mrs. Reese raises the following issues via four assignments of error (verbatim):
1. Whether the trial court erred in granting the motion to dismissal [sic] for abandonment, when there was outstanding and still in effect a preliminary injunction preventing the defendants from taking any actions adverse to the plaintiff, including preventing them from foreclosing on the property or evicting the plaintiff from the property?
2. Did the trial court err in granting the motion to dismiss for abandonment when the motion was not properly served and plaintiff had no notice of its filing until approximately two weeks after the order was signed? Further |3there is no evidence of record that the order was ever served upon plaintiffs counsel.
3. Did the trial court err in granting the motion to dismiss for abandonment when the preliminary injunction was in place and the allegations of the petition for fraud on the part of the defendants which is imprescriptible [sic]?
4. Did the letters between counsel in May of 2001 act as an action to proceed to trial or an acknowledgment of the action such as to interrupt any claim for abandonment?

DISCUSSION

In her first assignment of error, Mrs. Reese argues that the preliminary injunction in effect prior to dismissal of the suit for abandonment continually acted as a bar against adverse actions of the defendants, especially where the allegations were that the defendants acted fraudulently against Mrs. Reese. In Mrs. Reese’s view, as long as the preliminary injunction was in effect, it acted as a “continual acknowledgment” of the case and prevented any action for abandonment. We disagree.
A preliminary injunction is a procedural device interlocutory in nature and designed to preserve the existing status pending a trial of the issues on the merits of the case. La. C.C.P. art. 3601; Smith v. West Virginia Oil and Gas Co., 373 So.2d 488 (La.1979); Ouachita Parish Police Jury v. American Waste and Pollution Control Co., 606 So.2d 1341 (La.App. 2d Cir.1992), writ denied, 609 So.2d 234 (La. 1992), cert denied, 508 U.S. 909, 113 S.Ct. 2339, 124 L.Ed.2d 249 (1993). Although the obtaining of a preliminary injunction is a step in an action’s prosecution or defense, once the injunction is in place, other steps then are necessary to move the Llitigation forward; if no such further steps are taken, then the action eventually is abandoned.
In Box v. French Market Corporation, 00-1880 (La.App. 4th Cir.9/5/01), 798 So.2d 184, writ denied, 01-3060 (La.2/1/02), 807 So.2d 849, although a preliminary injunction had been obtained in June 1991, no step subsequently was taken before the trial court dissolved the preliminary injunction in January 2000. In affirming the trial court’s judgment, the appellate court stated that, when the party that obtains a preliminary injunction fails to seek a permanent injunction and no other action is taken in the case for a period of at least *1014 three years, the case is deemed abandoned by law. The court cited Adams v. Evans, 556 So.2d 126 (La.App. 5th Cir.1990), where the plaintiff challenged an ex parte order dissolving a preliminary injunction on the grounds that the injunction could only be dissolved after notice and a hearing. In Adams, the court held that, because the plaintiff had failed to seek a permanent injunction or take any other step in the prosecution of his case for five years, the cause of action was abandoned and the ex parte order dissolving the injunction was lawful. As the court in Box, supra, noted, at the time the Adams case was decided, the period required for abandonment was five years, but was shortened in 1997 to three years by legislative amendment to La. C.C.P. art. 561 [1].
|5We agree with the court in Box, supra, that, when a party who has obtained a preliminary injunction fails to seek a permanent injunction and no other action is taken in the case for a period of at least three years, the case is deemed abandoned. We reject Mrs. Reese’s argument that the preliminary injunction acts as a “continual acknowledgment” of the case and prevents any action for abandonment.
In her second assignment of error, Mrs. Reese argues that the motion for abandonment was not properly served on her counsel because it originally was sent to the wrong address and that the motion was not served upon her until approximately two weeks after the order of dismissal had been signed. She further argues that the order of dismissal for abandonment was never served upon her counsel.
Initially, we note that the abandonment that occurs when parties fail to take any step in the prosecution or defense of an action in the trial court for a period of three years is operative without a formal order. La. C.C.P. art. 561(A). In other words, abandonment takes place by operation of law. Under Article 561, there is no requirement that an ex parte motion for abandonment be served on opposing counsel before the trial court can | (¡validly enter a formal order of dismissal. The formal order of dismissal merely recognizes that which already has occurred through operation of law, and the plaintiff is protected by the 30-day period that article 561 affords to the plaintiff to move to set aside the dismissal.
The apparent lack of service of the order in the instant case prevented the 30-day period from running; thus, Mrs. Reese’s *1015 motion to set aside the order was timely, even though filed more than three months after the order of dismissal was signed. Since abandonment occurred by operation of law, however, failure to serve the order of dismissal did not prevent or negate the abandonment. Further, because Mrs. Reese was able to move to set aside the dismissal, even though that motion was later forgone, she suffered no deprivation of rights due to failure of service. Accordingly, we find no merit in Mrs. Reese’s arguments made pursuant to her second assignment of error.
In her third assignment of error, Mrs. Reese argues that, because her action is based upon allegations of fraud, the action is “imprescriptible” and can be reurged and refiled. Thus, she argues that, in the interest of judicial economy, the order granting the dismissal of the case for abandonment should be overturned. We conclude that the question of whether Mrs. Reese’s action can or cannot timely be refiled is irrelevant to the question of whether or not the dismissal for abandonment was proper. Again, abandonment takes place by operation of law and a trial court considering an ex parte motion to dismiss for abandonment is not required to consider whether or not an identical new action would or would not be 17prescribed. Moreover, in reviewing an order of dismissal for abandonment, our review is limited to simply determining whether or not the trial court’s judgment was correct. This assignment is without merit.
Mrs. Reese’s final assignment of error raises the question of whether letters between counsel in May 2001 might defeat abandonment in this case. That question, however, is not properly before this court. The letters do not form part of the record on appeal and our review is limited to the appellate record. Such letters might have been introduced into evidence if Mrs. Reese had pursued her motion to set aside the dismissal. An important function of such a motion is to allow the introduction of matters not evident of record that might bear on the question of abandonment. As previously noted, this court afforded Mrs. Reese the opportunity to pursue her motion to set aside the dismissal in the trial court even though she filed an appeal subsequent to moving to set aside the dismissal. Mrs. Reese’s counsel was directed to either pursue or forgo the motion to set aside and her counsel unambiguously responded that Mrs. Reese would forgo the motion to set aside. Accordingly, this appeal proceeded. Finding no indication in the record before us that any steps were taken in prosecution or defense of this matter for a period of more than three years prior to the dismissal, we conclude that the trial court’s dismissal of Mrs. Reese’s claim on the grounds of abandonment was proper.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed at Judy A. Sanderson Reese’s cost.
AFFIRMED.

. La. C.C.P. art. 561 provides:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.