SUSAN M. CHEHARDY, Judge.
IgThe plaintiff seeks reversal of the trial court’s denial of his motion to set aside a judgment of abandonment. We affirm.
FACTS
Michael Lewis, a former insurance agent, filed suit in January 2001 seeking damages for wrongful arrest from the Commissioner of Insurance of the State of Louisiana, the Louisiana Department of Insurance, the State of Louisiana (all hereafter collectively called “the State”), and Southern United Fire Insurance Company (hereafter called “SUFIC”).
In April 2010, SUFIC filed a motion to dismiss on grounds of abandonment, pursuant to La. C.C.P. art. 561, because no step in prosecution or defense of the case had occurred for over three years. The court signed an ex parte order on May 30, 2010 that dismissed SUFIC and stated that the matter is deemed abandoned as of March 1, 2010.
The plaintiff filed a timely motion to set aside the dismissal, pursuant to La. C.C.P. art. 561(4).
On June 10, 2010, the State filed its own motion to dismiss for abandonment, with an incorporated opposition to the plaintiffs motion to set aside | sthe judgment of abandonment. SUFIC also filed an opposition to the plaintiffs motion.
A hearing on the motions took place on July 30, 2010. At the hearing the plaintiff attempted to present evidence on the merits of his claim. The court advised him that the purpose of the hearing was to address only the issue of abandonment, and whether the judgment of abandonment should be set aside. The plaintiff asserted there had been activity in the case since March 2007, because he had hired an expert to review his files. The court advised him there was nothing in the case record showing any activity, saying, ‘Tour hiring of an expert to review records does not qualify as formal discovery.”
The plaintiff stated that SUFIC had not cooperated, because his files had been taken by SUFIC in May 1999 and were supposed to be returned to him by May 2001, but SUFIC did not return them. He claimed his attorney filed for discovery in March 2007, but SUFIC responded that the files were lost or misplaced. The plaintiff admitted there had been no further pleadings filed since March 2007. Nor had there been formal discovery after that date.
The court concluded that the judgment of abandonment was correctly signed and that there has been no prosecution of this *893 case since March 2007. The court advised the plaintiff it was denying his request to set aside the judgment of abandonment.
The court then proceeded to address the State’s motion. The State advised there had been no filings regarding the State and the plaintiff since 2005. In response to questioning by the court, the plaintiff admitted there had been no activity on the record in the past three years. The court then granted the motion to dismiss as to the remaining defendants, based on the fact that there has been no |4formal discovery or no formal step in the prosecution of this case within the time limit prescribed by Article 561.
On August 17, 2010, the court signed a judgment that granted the State’s motion to dismiss for abandonment and stated that the matter is deemed abandoned as of March 1, 2010.
On September 10, 2010, the court signed a judgment that denied the plaintiff’s motion to set aside the judgment of abandonment. The judgment reiterated that the plaintiffs claims against SUFIC are dismissed with prejudice and the matter is deemed abandoned as of March 1, 2010.
The plaintiff filed a timely motion for appeal of both judgments.
LAW AND ANALYSIS
La. C.C.P. art. 561 states in pertinent part,
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subpara-graph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. ...
[[Image here]]
|SB. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
On appeal the plaintiff raises the following assignments of error, which we quote from the plaintiffs pro se brief:
1. TRIAL COURT ERRED by granting abandonment where the defendants, through spoliation of relevant records, frustrated plaintiffs attempt to resolve factual disputes pri- or to trial.
2. TRIAL COURT ERRED by granting abandonment where defendants denied reasonable discovery causing plaintiff, during alleged running period of abandonment, to hire expert accountant to reconstruct records which were not produced.
*894 3. TRIAL COURT ERRED by denying plaintiffs Motions to Set Aside Judgment of Abandonment.
The defendants contend that the abandonment article is self-executing and that the plaintiff failed to establish any exception to its ápplieation in this case.
We find' no merit to Assignments of Error No. 1 and No. 2. As the trial court pointed out at the hearing, the issue of the plaintiffs disputes with the defendants regarding production of records goes to the merits, which are not addressed in review of a judgment declaring an action abandoned. Nothing in the record reflects the discovery disputes or other activity past March 1, 2007.
With respect to Assignment of Error No. 3, on appeal the plaintiff raises for the first time the applicability of La. C.C.P. art. 561(A)(2), the clause regarding Hurricanes Katrina and Rita. The plaintiff argues that as a resident of Jefferson Parish, his ability to conduct business and to further the prosecution of this matter was disrupted by the storms and by his need to repair and recover after the storms. He asserts he should have the opportunity by remand to show that he qualifies [fiunder this article for a five-year rather than three-year abandonment period. ' He admits more than three years passed since the last action in the suit.
We find no merit to the plaintiffs invocation of the hurricane clause. Uniform Rules — Courts of Appeal, Rule 1-3, provides, “The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” Although the plaintiff included the hurricane clause issue in his assignments. of error, he did not raise the hurricane clause either in his motion to set aside the dismissal or at the hearing.
Further, Article 561(A)(2) requires that the plaintiff prove “that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita.” The plaintiff failed to present any such evidence at the hearing.
As for the general issue of whether the matter was properly declared abandoned, the record shows that the plaintiff filed his petition in proper person on January 26, 2001. An attorney signed on as counsel for the plaintiff in April 2001. Pleadings were filed by the parties during 2001, 2002, 2003 and 2004, with the last pleading filed being a motion and order to substitute counsel for the plaintiff, filed on December 8, 2004 and signed by the judge on December 9, 2004.
On April 26, 2010, counsel for SUFIC filed an ex parte motion to dismiss on grounds of abandonment because no step in prosecution or defense of the action had been taken by the plaintiff or any defendant within the last three years. As set out in SUFIC’s memorandum in support of the motion to dismiss, the last step taken in the suit was on March 1, 2007, when SUFIC responded to the plaintiffs second supplemental request for production of documents. SUFIC averred that |7since March 1, 2007, no discovery has taken place, no document has been filed in court, and no other steps in the prosecution or defense of this action have taken place.
Article 561 requires three things: (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party.
*895 James v. Formosa Plastics Corp. of La., 2001-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338.
A “step” for purposes of Article 561 is defined as “taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice.” Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. “Before the court” means that the step must appear in the court record. Turner v. Marine Inland Transp. Co., 06-342, p. 4 (La.App. 5 Cir. 10/31/06), 946 So.2d 185, 187.
“Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order.” Id.
 Abandonment takes place by operation of law. Reese v. Jackson, 37,268 (La.App. 2 Cir. 6/25/03), 850 So.2d 1011, 1014. “Under Article 561, there is no requirement that an ex parte motion for abandonment be served on opposing counsel before the trial court can validly enter a formal order of dismissal. The formal order of dismissal merely recognizes that which already has occurred through operation of law....” Id.
“Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit.” Clark, 2000-3010 at p. 15, 785 So.2d at 789.
| ^Considering the record before us, we find no basis on which to reverse the judgments. The trial court correctly determined that this action was abandoned.
For the foregoing reasons, the judgments are affirmed. Costs of this appeal are assessed against the plaintiff-appellant, Michael Lewis.

AFFIRMED