MARION F. EDWARDS, Chief Judge.
12Plaintiff/appelIant, Bianca Giovingo (“Ms. Giovingo”), takes this appeal from a judgment by the trial court dismissing her cause of action for medical malpractice against defendant/appellee, David Dunn, M.D. (“Dr. Dunn”), on grounds of abandonment. We affirm the judgment of the trial court for reasons herein.
Ms. Giovingo filed a medical malpractice action against Dr. Dunn individually and as David Dunn, M.D., L.L.C., as well as against other defendants on June 5, 2005. According to the petition, Ms. Giovingo had long-standing complaints of abdominal pain for which she was treated by Dr. Dunn. On July 25, 1998, Dr. Dunn performed exploratory laparoscopic surgery in an attempt to diagnose Ms. Giovingo’s con *1100 dition. During the procedure, a retroperi-toneal hematoma was encountered, and a laparotomy was immediately performed to inspect the area. The laparotomy revealed small defects in the mesentery of the small bowel and colon. The defects were repaired without incident, and Ms. Giovingo was released from the hospital four days later.
| sHowever, the pain continued, and Ms. Giovingo was unable to get pregnant, despite taking medication to facilitate pregnancy. Ms. Giovingo sought treatment with Dr. Eric Schultis, a fertility specialist who diagnosed her with a blocked left fallopian tube. Dr. Schultis performed a second laparotomy that revealed intestinal and tubal-ovarian adhesions. Surgery to correct this was performed by Dr. Schultis on May 23, 2000. However, the prognosis is that the probability of her fallopian tubes functioning normally, despite the release of the adhesions, is minimal.
Ms. Giovingo filed for a medical review panel on May 16, 2001 that convened on March 7, 2005 and found in favor of defendants. Ms. Giovingo filed this action in district court on June 7, 2005 against Dr. Dunn, Dr. Dunn’s L.L.C., East Jefferson General Hospital (“East Jefferson”) and Brown-McHardy Clinic, but held service of all defendants. Subsequently, service on defendants was requested. On July 28, 2005, Ms. Giovingo requested service on David Dunn, M.D., L.L.C. through an attorney, Brown-McHardy Clinic, and East Jefferson. East Jefferson answered the petition.
After discovery, the hospital moved for a summary judgment. Although Ms. Giovin-go filed a motion to re-set the hearing on the motion for summary judgment, she did not oppose it and, ultimately, the motion was granted, dismissing all claims against East Jefferson in November 2007.
Service on David Dunn, M.D., L.L.C. was made through an attorney on August 1, 2005. On November 17, 2010, Ms. Giov-ingo requested service on Dr. Dunn personally. Personal service was made on Dr. Dunn on November 30, 2010. Neither Dr. Dunn’s L.L.C. nor Dr. Dunn has answered or participated in the lawsuit until filing the motion to dismiss as abandoned at issue herein on December 15, 2010.
|4The matter was taken up by the trial court on April 4, 2011. According to the judgment and the record, there was a “discussion with counsel,” and the court took the matter under advisement. There is no transcript of that discussion for this Court to review. However, along with the grant of the motion of abandonment and the dismissal of all claims against Dr. David Dunn, the trial court gave extensive written Reasons.
The factual findings in the Reasons for Judgment are that Ms. Giovingo’s original petition, filed on June 7, 2005, withheld service of all defendants. Subsequently, on June 28, 2005, Ms. Giovingo requested service on David Dunn, M.D., L.L.C.; East Jefferson; and Brown-McHardy Clinic. On December 15, 2010, Ms. Giovin-go requested that the Clerk of Court “reserve the original petition on defendant David Dunn.... ” Dr. Dunn was personally served with the petition and citation on November 30, 2010. The trial court found that Ms. Giovingo “clearly demonstrated her intent to abandon the case as to defendant Dr. David Dunn who was never served with process during the three-year abandonment period.” Consequently, the motion to dismiss the suit as to Dr. Dunn was granted as abandoned.
Ms. Giovingo concedes that Dr. Dunn was never personally served and gives no explanation as to why an attorney was served as Dr. Dunn’s agent. However, she argues that service was on Dr. Dunn, not his L.L.C. Furthermore, Ms. Giovingo avers that East Jefferson’s ac *1101 tions, as a co-defendant, preclude the judgment of abandonment. Ms. Giovingo also asserts that service on Dr. Dunn in November 2010 was within three years of the motion for summary judgment filed by East Jefferson, making it timely. Ms. Giovingo asserts that Dr. Dunn’s bankruptcy in federal court serves either as an interruption of the abandonment period and/or a step in the prosecution of the case sufficient to waive defendant’s |5claim of abandonment. Finally, Ms. Giovingo states that the abandonment articles do not apply to un-served parties. We are not persuaded by Ms. Giovingo’s arguments.
An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.... [1] Abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order.[2] To avoid abandonment, it is required (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party.[3] Taking an action “before the court,” so as to have taken a “step” in the prosecution or defense of a case, for purposes of abandonment statute, means that the step must appear in the court record.[4]
It is well established that proper citation is the cornerstone of all actions, and actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation.[5] Abandonment is a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim. Abandonment has been construed as subject to prescription-based exceptions.[6]
While it is true that service of process will interrupt prescription, the proper person, as designated by law, must be served.[7]
|fiThis lawsuit was filed on June 7, 2005. As to Dr. Dunn, service was made on William W. Waring, Jr. Attorney at Law, and accepted by “Debbie Bordelon” on November 29, 2005. There is no indication, neither in the record nor in Ms. Giov-ingo’s arguments to this Court, that either Mr. Waring or Ms. Bordelon is in any way connected to either Dr. Dunn or his L.L.C. Therefore, Dr. Dunn was not properly served until November 30, 2010, over five years after the lawsuit was filed. Further, Dr. Dunn did nothing in this lawsuit until filing the motion for dismissal based on abandonment in December 2010. We find the trial court properly dismissed Ms. Giovingo’s action against Dr. Dunn on the basis of abandonment, and we affirm that judgment.

AFFIRMED.

. La. C.C.P. art. 561(A)(1).

. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784.

. Lewis v. Comm’r of Ins. for State, Dep't of Ins., State, 11-347, p. 3 (La.App. 5 Cir 12/13/11), 81 So.3d 890.

. Id.

. La. C.C.P. art. 1201; Johnson.v. Brown, 03-0679 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 326.

. Clark, supra, at 787.

. Jinright v. Glass, 06-888 (La.App. 5 Cir. 2/27/07), 954 So.2d 174, 178, writ denied, 07-0570 (La.5/4/07), 956 So.2d 618 (citation omitted).