TERRI F. LOVE, Judge.
T. Allen Walker (“Mr.Walker”) sought damages from Sherriff Lonnie Greco (“Sheriff Greco”) of the Plaquemines Parish Sheriffs Office, alleging that the Sheriff failed to properly take possession of Mr. Walker’s-vessel pursuant, to an order of sequestration. As a result, Mr. Walker claimed the Sheriff allowed the vessel to be sold at a public auction resulting in his lost possession. On appeal, Mr. Walker seeks review of the granting of..summary judgment in favor of Sheriff Greco. Pursuant to La, C.C.P. art. 561, the underlying suit was dismissed ¡as abandoned from which the writ of sequestration was ordered. Thus, because the underlying obli *805 gation was extinguished the sequestration order was- no longer valid. Therefore, Sheriff Greco had no duty to preserve Mr. Walker’s vessel once the sequestration order became legally unenforceable. Additionally, Mr. Walker made no efforts to remove the vessel and sought no action from the trial court for leave to remove the vessel despite the .. sequestration • order. Therefore, we find ho error in the granting of summary judgment as a matter of law.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In October 2005, Deep Delta Houseboats, L.L.G. (“Deep Delta”), -filed a petition- for past due rent and to rescind an oral lease against Mr. Walker.[1] In conjunction with the lawsuit, Deep Delta obtained a writ of sequestration directing former Plaquemines Parish Sheriff Irvin F. “Jiff Hingle, Jr. (“Sherif Hingle”) to sequester certain movable property including Mr. Walker’s ocean barges Castaway Fishing Lodge (“Castaway Lodge”) and Pintail Hunt and Fish Club. Mr. Walker’s vessels were seized, sequestered, and taken into constructive possession.
Thereafter, the Castaway Lodge ran aground on the property of a third party, The Louisiana Fruit Company (“LFC"). In May 2009, LFC filed eviction proceedings [2] and obtained a judgment ordering Mr. Walker to remove the Castaway Lodge from LFC’s property;[3] Mr. Walker took no action to remove his vessel from LFC’s property.
In July 2010, Mr. Walker sought dismissal of Deep Delta’s petition based on abandonment under La. C.C.P. art. 561(A)(1). Mr. Walker alleged that because Deep Delta failed to take steps toward the prosecution in the trial court for three years (beginning on November 28, 2006), Deep Delta’s action was abandoned by operation of law as of November 28, 2009. A judgment dismissing Deep Delta’s petition was signed on July 26, 2010. On November 1, 2010, the trial court issued á formal order dissolving the writ of sequestration.
Meanwhile, as part of Plaquemines Parish’s attempts to remove debris after Hurricane Katrina, the Plaquemines Parish Government hired a company to remove vessels that had run aground during the storm. The Castaway Lodge, belonging to Mr. Walker, was one of the vessels subject to the removal program. Plaquemines Parish began removal .of the Castaway Lodge on August 14, 2010.
• Mr. Walker filed a petition for damages against former Sheriff Hingle and the Plaquemines Parish Government. Following discovery, the present' Sheriff of Plaquemines Parish, Sheriff Lonnie Greco (“Sheriff Greco”), filed a motion for summary judgment claiming that on August 14, 2010, there was no writ of sequestration in effect that would have required the Sheriff to continue to preserve Mr. Walker’s vessel.
The trial court granted Sheriff Greco’s motion for summary judgment and dismissed him from the present' matter." The trial court determined that the only issue to be determined was an issue of law. In particular, at issue was whether the Sheriff'has a duty to continue to sequester *806 property when the underlying suit is dismissed from which the sequestration order was issued. The trial court concluded that pursuant to La.C.C.P. art. 561, the Sheriff no longer had any duties under the sequestration order after Deep Delta’s suit-was dismissed as abandoned. Following the granting of summary judgment in favor of Sheriff Greco, Mr. Walker filed a motion for new trial which the trial court denied in December 2014. Mr. Walker filed a timely appeal. -

STANDARD OF REVIEW

In Lomax v. Ernest Mortal Convention Center, we addressed the standard of review of a trial court’s ruling on summary judgment:
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. . Reynolds v. Select Props., Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Indep. Fire Ins. Co. v. Sunbeam.Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230.'
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that, a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 4 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the
party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted.
Lomax, 07-0092, p. 2-3, (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 464-65.
We have also recognized that:
[u]nder La.C.C.P. [a]rt. 966 a summary judgment can be granted only when there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law. The purpose of the summary judgment procedural device is to dispose expeditiously of cases involving only issues of law; hence, the mover for summary judgment has a heavy burden of proving that there is no genuine' issue of material fact. Fly v. Hand, 376 So.2d 1016 (La. App. 1st Cir.1979). A motion for summary judgment is not a substitute for trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973).
Decatur-St. Louis Combined Equity Props., Inc. Venture v. Abercrombie, 463 So.2d.729, 732 (La.App. 4th Cir.1985) (emphasis added). Therefore, we review issues of law to determine “whether the trial court’s interpretative decision is - legally correct.” French Quarter Realty v. Gambiel, 05-0933, p. 3 (La.App. 4 Cir. 12/28/05), 921 So.2d 1025, 1027.

ISSUES OF FACT

In Mr. Walker’s first assignment of error he avers that the trial court improperly weighed the evidence to determine that there was no genuine issue of material fact. Mr. Walker suggests that the Sheriff had a duty to safeguard Mr. Walker’s property while it was subject to the sequestration order. To support this contention, Mr. Walker notes that: 1) the seques *807 tration order was in effect at the time the Castaway Lodge was dismantled and- removed on August 14, 2010; 2) testimonial evidence indicates that the Sheriff would not lift the' sequestration order without a formal court order dissolving the writ of sequestration; and 3) the vessel was destroyed while the Sheriffs Office still had possession of it pursuant to the sequestration order.
Despite Mr. Walker’s contention, the facts in this case are not at issue. The parties do not dispute.that Deep Delta’s suit was. dismissed as abandoned pursuant to La. C.C.P. art. 561(A)(1); the judgment dismissing Deep Delta’s petition was signed on July. 26, 2010, and the formal order dissolving the writ of sequestration was issued on November 1, 2010; the trial court ordered the removal of the Castaway Lodge from LFC’s property in May 2009, after it had issued the sequestration order in the Deep Delta case; and, Plaquemines Parish began removal of the vessel on August 14,2010.
|fiThe trial court determined that the only issue for it to decide was a question of law. At issue was whether the Sheriff had a duty to continue to sequester property when the trial court dismissed the underlying lawsuit from which the writ of sequestration was ordered. In that the only issue was a question of law, the trial court was not required to weigh evidence or make any credibility determinations. Broussard v. State, 12-1238, p. 12 (La.4/5/13), 113 So.3d 175, 185 (explaining that whether a duty is owed is a question of law for the trial judge to decide contrasted with a question of fact — i.e. whether a duty was breached — which is for the trier of fact to decide). Thus, we find no merit to Mr. Walker’s assertion that the trial court “discounted or ignored” the evidence presented.

ISSUE OF LAW

In review of the proceedings below, we must determine whether the trial court was legally correct in finding the Sheriff had no duty to safeguard the vessel after the underlying suit was dismissed based on abandonment. French Quarter Realty, 05-0933, p. 3, 921 So.2d at 1027.
Mr. Walker claims that the judgment of dismissal of Deep Delta’s case, signed on July 26, 2010, did not become final until thirty days later on August 26, 2010. He asserts that the writ of sequestration did not automatically dissolve. Instead, the sequestration order remained in effect until at least August 26, 2010, when the judgment of dismissal of the underlying lawsuit became final. Therefore, the Sheriff was still responsible for the preservation of the Castaway Lodge when it was removed from LFC’s property on August 14.2010.
Conversely, the Sheriff contends that by operation of law Deep' Delta’s action was abandoned as of November 28, 2009. Mr. Walker obtained a formal judgment recognizing the dismissal of the action on July 26.2010. As a result, the 17dismissal of the underlying action, as recognized by the trial court’s judgment, also included the writ of sequestration.
The trial court found “it is arguable that the sequestration of Mr. Walker’s vessels ended on November 28, 2009, when [Deep Delta’s] case technically abandoned under La. C.C.P. art. dismissal of the underlying action,561[ (A)(3) ].” The trial court also noted that even if the sequestration order did not end until the July 26, '2010 judgment or November 1, 2010, when the trial court issued an order formally dissolving the writ of sequestration, the case presented “an issue of law, not an issue of fact sufficient to defeat summary judgment.” Regardless of the sequestration order, the trial court stated that it was by order of *808 the court that Mr. Walker remove his vessel from LFC’s property “due to the hazard its presence there posed.” Further, “more than a year following the [trial court’s] eviction order, Mr. Walker still had made no attempt to move the vessel.”
This Court has recognized that sequestration “must be strictly and literally complied with because it deals with the extremely harsh remedy of a conservatory writ.” Yorkwood Saw. & Loan Ass’n. v. Thomas, 379 So.2d 798, 799. (La.App. 4th Cir.1980) (citing Hancock Bank v. Alexander, 256 La. 643,- 237 So.2d 669 (La.1970)). Additionally, “sequestration is simply a procedural mechanism for enforcing the underlying obligation. Once the underlying obligation is extinguished, there is no remaining claim on the debt. and hence, no valid reason for the sequestration.” Luk-Shop, L.L.C. v. Riverwood La-Place As-8008., L.L.C., 01-2446, p. 3 (La.1/4/02), 802 So.2d 1291, 1292. Further, per La. C.C.F. art. 3571, a writ of sequestration remains in effect only “during the pendency of the action.”
IsPursuant- to La. C.C.P. art. 561(A)(1), an action is deemed “abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of three years." ■ Subsection (A)(3) also states in pertinent part,
[t]his provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal, order of dismissal as of the date of its abandonment. .
Louisiana jurisprudence has explained: [Abandonment that occurs when parties fail to take any step in the prosecution or defense of an action in the . trial court for a period of three years is operative without a formal order. La. C.C.P. art. 561(A). In other words, abandonment takes place by operation of law .... The formal order of dismissal merely recognizes that which already has occurred through operation of law ....
Reese v. Jackson, 37,268, p. 5-6 (La.App. 2 Cir. 6/25/03), 850 So.2d 1011, 1014 (emphasis added).
Deep Delta failed to take any steps for three years to maintain its cause of action. By operation of law, Deep Delta’s action was dismissed as abandoned as of November 28, 2009. The judgment of dismissal was not signed until July 26, 2010, and did not become a final judgment until August 26, 2010. However, the judgment of dismissal merely recognized that which already occurred through operation of law. In that a writ of sequestration remains in effect only during the pendency of an action, once the underlying obligation was extinguished on- November 28, 2009, there was no valid reason for the sequestration order. Thus, the trial court found that “arguabl[y]” it became legally unenforceable as of the date Deep Delta’s case was abandoned by operation of law. As such, the Sheriff had no duty or obligation to prevent its removal.
1 (Nevertheless, the trial court found it was incumbent upon Mr. Walker to protect and secure his vessel after he succeeded in obtaining a dismissal of Deep Delta’s cause of action. Mr. Walker claims that because the trial court’s sequestration order was still in effect in the Deep Delta case- he was unable to comply with the subsequent order to remove the vessel from LFC’s property in the eviction proceeding. Mr. Walker also alleged in his motion for new trial that the trial court was informed (orally, and in writing) of the competing orders and his inability to comply. However, the trial court noted that aside from *809 it having no independent recollection of the discussion, the parties did not make the discussion or the written communication a part of the record. Consequently, we do not consider it relevant to our analysis.
In any event, Mr. Walker was aware of the trial court’s conflicting orders. The trial court reasoned that despite issuing opposing mandates it “did not negate [Mr. Walker’s] obligation to remove his vessel from [LFC’s] property pursuant to the eviction order.” The trial court continued that:
[i]f[Mr. Walker] was concerned that the sequestration prevented him from moving his vessel pursuant to the eviction order, he took no action to obtain this Court’s leave to remove the vessel. Furthermore, [Mr. Walker] did not seek supervisory review of this Court’s eviction order, and he ultimately failed to move the vessel as ordered.
Considering the relevant abandonment and sequestration statutes as well'as Louisiana jurisprudence, the trial court concluded that Sheriff Greco owed no duty to preserve Mr. Walker’s vessel. Because Mr. Walker failed to present factual support sufficient to meet its evidentiary burden of proof at trial that Sheriff Greco owed a duty to preserve the Castaway Lodge, the trial court found Sheriff Greco was entitled to summary judgment as a matter of law. Accordingly, we find no error in the trial court’s ruling granting Sheriff Greco summary judgment.'
. J¡¿DECREE.
Dismissal of Deep Delta’s lawsuit on abandonment grounds became effective without formal order on November 28, 2009, pursuant to La. C.C.P. art. 561(A)(3). Consequently, the sequestration order became legally unenforceable, absolving the Sheriff of any duty to preserve Mr. Walker’s vessel at the time it was removed 'on August 14, 2010. For these reasons, we find no error in the trial court’s judgment granting Sheriff Greco’s motion for summary judgment. Accordingly, we,affirm.
AFFIRMED.
TOBIAS, J„ Concurs.

. Deep Delia Houseboats, L.L.C. v. T, Allen Walker, Case No. 52-868, Division "A" of the 25th Judicial District Court Parish of Plaquemines.

. The Louisiana Fruit Company v. T. Allen Walker, Case No. 55-916, Division “A” of the 25th Judicial District Court Parish of Plaque-mines.

.(The trial court that issued the order to remove the vessel also issued the order of se- ’ questration in the Deep Delta case.